City of Scranton and Pennsylvania Manufacturers' Association Insurance Company, Insurance Carrier, Appellants, *v.* Workmen's Compensation Appeal Board and James Cleary, Appellees.

Argued September 14, 1973, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Robert H. Sayers*, with him *Van Deusen & Van Deusen*, for appellants.

*Edward M. Murphy*, for appellee.

OPINION BY JUDGE ROGERS, November 1, 1973:

The City of Scranton and its workmen's compensation insurance carrier have appealed from a decision and order of the Workmen's Compensation Appeal Board setting aside a final settlement receipt and awarding compensation for total disability to James Cleary, a former city policeman.

Mr. Cleary was seriously injured in the course of his employment on January 20, 1967 when, while directing traffic, he was struck down by a motor vehicle. He was treated at a hospital located in Scranton, where he remained for five weeks. The Chief of Police then put him to doing clerical work in the traffic and ticket office. In April 1967 he was readmitted to the Scranton hospital because of difficulty in swallowing and breath-

ing. A huge hiatal hernia was discovered. Mr. Cleary's physicians recommended that he try to live with the hernia while receiving medical treatment and he went back to light duty. In April 1968 the hernia was causing him such difficulty in swallowing and in breathing that he was taken to a Philadelphia hospital and there operated upon. When released Mr. Cleary returned to light duty in the police department, with instructions from his superiors that if he had further difficulty he should stop work. On or about New Year's day in 1971, Mr. Cleary was in such discomfort that he was admitted to the Scranton hospital for five days and then transferred to a New York hospital, where on January 15, 1971 he again underwent surgery. He did not return to work after this operation because he had previously been told by the Chief of Police that when he returned he would be put on regular duty, which, because of his infirmities, he could not perform. The physician who treated Mr. Cleary testified that the hernia and his other injuries were caused by the accident, and that he was totally disabled at the time of the hearing in September 1971.

The city paid Mr. Cleary his full salary from the time of his injury in January 1967 until January 19, 1971. From January 1967 until May 1967 the city's insurer issued compensation checks payable to Mr. Cleary under a compensation agreement which had been executed shortly after the accident. On instructions of his superiors, Mr. Cleary endorsed these checks and delivered them to his superiors on the police force. On May 5, 1967, city employes delivered to Mr. Cleary compensation checks for endorsement and a final settlement receipt for his execution. The receipt recited that Mr. Cleary was able to return to work on May 1, 1967 "without any disability or loss of earning power due to injuries received in this accident." Mr. Cleary's signature appears on the receipt but he declares that he did not

know what he was signing. It is noted that the huge hiatal hernia had been discovered before May 5, 1967 and that the claimant was disabled on that date.

The instant case was commenced by Mr. Cleary's filing, on April 14, 1971, a petition to reinstate the compensation agreement. In this, he averred that no final settlement receipt had been signed. The answer of the employer and its carrier averred the signing of the final settlement receipt on May 5, 1967 and defended on the ground that the claimant's petition had not been filed within two years from the date to which payments had been made as required by Section 434 of the Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, *as amended*, 77 P.S. §1001.

The referee found the facts to be as we have recited them, including the fact that at all times since his accident Mr. Cleary has been partially or totally disabled. He also made the following finding: "8. We find as a fact that the claimant failed to prove that any wages paid to him subsequent to April 30, 1967 were paid in lieu of compensation." On the basis of this finding, the referee concluded that the petition was barred by the limitations of Section 434. The Workmen's Compensation Appeal Board reversed.[1] The Board disregarded the referee's finding of fact above quoted and substituted its finding that the payments of salary made to Mr. Cleary were "made in relief of claimant's incapacity to labor." It concluded that the petition was timely filed since it was filed within two years from the date to which payments have been made.

In *Universal Cyclops Steel Corporation v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973), we held that 1972 amendments[2] to the Pennsyl-

---

[1] Both the referee and the Appeal Board properly treated the claimant's application as a petition to set aside the final receipt.

[2] Act 12 enacted February 8, 1972 and Act 61 enacted March 29, 1972, amending Section 423, 77 P.S. §854.

vania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, 77 P.S. §1 et seq. limiting the power of the Board to disregard a referee's findings of fact to those "not supported by competent evidence" were procedural and therefore applicable to litigation instituted but not completed prior to the amendments. The Appeal Board here was, therefore, justified in disregarding the referee's finding that the payments of salary to the claimant from May 1967 to January 1971 were in lieu of compensation, if that finding was unsupported by competent evidence. Our review of the record convinces us that the Board's action was proper. Mr. Cleary was a healthy man performing regular police duties immediately before the 1967 accident. During the four years following, he never again performed regular duties; he spent weeks in several hospitals; he underwent surgery twice; and he was, during the entire period, according to the undisputed medical evidence, either partially or totally disabled. The carrier's counsel elicited from the claimant the information that it was the city's practice to pay disabled employes' full salary for one year following injury. The claimant was paid for four years after his accident.

This, and the other circumstances of this matter, including the lack of any explanation for the city's beneficence, provide ample support for the Board's finding that the city's payments to the claimant were in relief of his disability.

The appellants contend that Section 434 of the Workmen's Compensation Act does not provide for a tolling of the two year limitation by payments to the claimant of money other than such as are specifically designated and understood to be compensation for injuries; and that the Board's reliance on cases[3] arising

---

[3] *Hickey v. Cudahy Packing Company*, 153 Pa. Superior Ct. 45, 33 A. 2d 285 (1943); *Somerton v. The Bell Telephone Co. of Pa.*,

under Section 315, holding that payments in lieu of compensation may toll the statute limiting the time for filing a claim petition, was improper. We disagree.

Section 434, 77 P.S. §1001, reads: "A final receipt, given by an employe . . . shall be prima facie evidence of the termination of the employer's liability . . . Provided, however, that the Board, or a referee designated by the board may, *at any time within two years from the date to which payments have been made,* set aside a final receipt, upon petition filed with the department, or on the department's own motion, if it be shown that all disability due to the injury in fact has not terminated." (Emphasis supplied.)

Section 315, 77 P.S. §602, reads: "In cases of personal injury all claims for compensation shall be forever barred unless, within two years after the injury, the parties have agreed upon the compensation payable . . . or unless within two years after the injury, one of the parties has filed a petition . . . *Where, however, payments of compensation have been made in any case, said limitations shall not take effect until the expiration of two years from the time of the making of the most recent payment prior to date of filing such petition. . . ."* (Emphasis supplied.) The emphasized portions of the two sections provide the same exception to the limitation; that is, that it shall not begin to run until payments of compensation have ceased. Hence, Section 315 cases holding that payments by an employer to an employe which are intended to compensate for loss of earning power, not to pay for services rendered by the employe, toll the running of the statute, are good authority in Section 434 cases. It is not surprising that neither party has cited an appellate court case applying

111 Pa. Superior Ct. 264, 169 A. 579 (1933) ; *Cotton v. John Wood Mfg. Co.,* 126 Pa. Superior Ct. 528, 191 A. 189 (1937).

this principle in a Section 434 case.[4]  Ordinarily, the final receipt is signed when disability has ceased and the claimant is ready to and does go back to his regular employment without loss of earnings.  Only in most unusual circumstances, as here, would payments of full wages to a disabled employe continue for more than two years following the execution of a final receipt reciting that the employe was in fact not disabled.

The final receipt executed by Mr. Cleary contains the words "This receipt is subject to approval of the Workmen's Compensation Bureau and subject to review by the Workmen's Compensation Board."  The Appeal Board advanced as an alternative reason for setting the receipt aside the fact that it had not been approved by the Bureau. *McGahen v. General Electric Co.*, 406 Pa. 57, 177 A. 2d 85 (1962), held that the Act as then (and now) written did not require the filing with or approval by the compensation authorities of final receipts, and that the failure to file or to obtain approval thereof were not grounds for setting them aside.  If the quoted sentence on the receipt is intended to mean more than that it may be set aside by the compensation authorities upon application pursuant to Section 434, it represents an attempt to confer upon the Bureau powers not given by law and is, therefore, of no effect.

### Order

And now, this 1st day of November, 1973, the decision of the Workmen's Compensation Appeal Board is affirmed.  The record is remanded to the Board with the direction that there be filed with this Court a praecipe for judgment for the claimant for such amounts as may be due under the reinstated agreement for compen-

---

[4] Although our research has revealed one Section 434 case, holding that the statute was not tolled in reliance upon Section 315 cases. *Dennis v. E. J. Lavino & Co.*, 203 Pa. Superior Ct. 357, 201 A. 2d 276 (1964).

sation and medical and hospital expenses legally payable thereunder, with leave to the Appeal Board to direct or conduct such further hearings as may be necessary to such determination.