John E. Marshall, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Department of Labor and Industry and Gulf & Western Industrial Products Company, Bliss Mackintosh-Hemphill Division, Respondents.

Submitted on briefs, March 9, 1979, to Judges CRUMLISH, JR., DISALLE and CRAIG, sitting as a panel three.

*John J. Petrush,* with him *McClain, Petrush, Young & Miller,* for petitioner.

*Roy F. Walters, Jr.,* with him *Fried, Kane and Walters,* for respondent.

OPINION BY JUDGE CRAIG, June 20, 1979:

John Marshall (claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) dismissing as untimely his petition to set aside a final receipt and reinstate compensation. Section 434 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1001 (Act).[1] We reverse.

---

[1] Section 434 of the Act has been amended several times but where a claimant seeks to set aside a final receipt, the version in effect when the final receipt was executed is controlling. *Workmen's Compensation Appeal Board v. Jones & Laughlin Steel Corp.,* 22 Pa. Commonwealth Ct. 469, 349 A.2d 793 (1975). Claimant signed the

Claimant was injured in the course of his employment on October 23, 1969 and received compensation under the Act until June 12, 1970, at which time he signed a final receipt. Claimant was back at work from June 15, 1970 until January 18, 1971, when he again left work because of the original injury. He received compensation from January 18, 1971 until January 25, 1971, when he again returned to work.

Claimant executed a second final receipt, dated January 28, 1971, and continued to work until April 27, 1971, when he again left work as a result of his original injury. Claimant again received compensation from April 27, 1971 until July 6, 1971, and he signed a final receipt on July 7, 1971. It is this last final receipt which claimant is attempting to have set aside.

Claimant continued to work from July 6, 1971 through October 12, 1972, at or about which time Earl Stange, the employer's personnel supervisor, told claimant that he had to retire because he was no longer physically able to do his job. Stange advised claimant to go on sick leave, and collect sickness and accident benefits for one year, and then apply for a disability pension, which would result in a larger pension than if claimant applied for his pension immediately. Claimant followed Stange's advice

---

final receipt which he now wishes to set aside on July 7, 1971. Therefore, the applicable version of Section 434 states:

A final receipt, given by an employe or dependent entitled to compensation under a compensation agreement or award, shall be prima facie evidence of the termination of the employer's liability to pay compensation under such agreement or award: Provided, however, That the board or a referee designated by the board, may, at any time within two years from the date to which payments have been made, set aside a final receipt upon petition filed with the board, if it be conclusively proved that all disability due to the accident in fact had not terminated.

and has been receiving a disability pension since November 1, 1973.

On March 3, 1977, claimant filed his petition to set aside the final receipt and reinstate compensation. A hearing was held, at which the only testimony taken was that of claimant. The referee subsequently dismissed claimant's petition because claimant had failed to take action "within two years of the last payment of compensation."[2] Claimant appealed to the Board, which also dismissed his petition. This appeal followed.

The issue in this case is whether monthly disability pension payments made to claimant by his employer constitute payments of compensation for disability, which will toll the two-year statute of limitation set out in Section 434 of the Act. We find that such payments do toll the two-year period.

The leading case on the issue presented to us is *Creighton v. Continental Co.*, 155 Pa. Superior Ct. 165, 38 A.2d 337 (1944) wherein President Judge KELLER stated:

> The decisions hold that when an employee is *totally disabled* and the employer, while denying any liability for workmen's compensation, nevertheless pays the employee regular stated amounts, weekly or monthly, either out of its own general funds, or out of sick or accident benefits or relief funds contributed by it, not as wages or salary for work performed, but in relief of the employee's incapacity to labor, on its being determined that the employee is

---

[2] The referee cited Section 413 of the Act, 77 P.S. §772 as the relevant section. Section 413 deals with modification of compensation awards generally. However, where a claimant seeks to set aside a final receipt, Section 434 of the Act governs. *Workmen's Compensation Appeal Board v. Jones & Laughlin Steel Corp., supra*, note 1.

entitled to workmen's compensation, the amount paid by the employer discharges its liability for compensation *for the weeks* in which its payments to him equalled or exceeded the compensation payable. It is only where the employee is not totally disabled and actually performs some labor for which he is paid wages or salary that such payments will not extend the time within which the claim petition must be filed or discharge the employer's liability for compensation for the weeks in which its payments equalled or exceeded the compensation payable. (Citations omitted.) (Emphasis in original.)

155 Pa. Superior Ct. at 173-74, 38 A.2d at 341.

More recently, in *Scranton v. Workmen's Compensation Appeal Board*, 10 Pa. Commonwealth Ct. 424, 310 A.2d 701 (1973), Judge ROGERS stated:

The appellants contend that Section 434 of the Workmen's Compensation Act does not provide for a tolling of the two year limitation by payments to the claimant of money other than such as are specifically designated and understood to be compensation for the injuries; and that the Board's reliance on cases arising under Section 315 [77 P.S. §602], holding that payments in lieu of compensation may toll the statute limiting the time for filing a claim petition, was improper. We disagree. . . .

. . . [T]he two sections provide the same exception to the limitation; that is, that it shall not begin to run until payments of compensation have ceased. Hence, Section 315 cases holding that payments by an employer to an employe which are intended to compensate for loss of earning power, not to pay for services rendered by the employe, toll the running of the

statute, are good authority in Section 434 cases. (Footnote omitted.)

10 Pa. Commonwealth Ct. at 428-29, 310 A.2d at 703-4.

It is undisputed that claimant is receiving disability pension payments. It is also undisputed that the disability which ultimately brought about claimant's retirement was the injury claimant sustained on October 23, 1969. Because claimant's monthly disability pension payments are not wages or salary, *Creighton, supra,* and *Scranton, supra,* require that the payments toll the running of the statute.

Although pensions arguably are benefits of employment, in the case of disability pensions such as exist here, the reason for the payment is the disability. It is only the *amount* of the payments which is determined by the employment relationship.[3]

Therefore, we reverse the Board and find that claimant's petition to set aside the final receipt and reinstate compensation was timely filed. We remand this case to the Board with instructions to process claimant's petition, and take any action consistent with this opinion.

### ORDER

AND Now, this 20th day of June, 1979, the order of the Workmen's Compensation Appeal Board, Docket No. A-73559, dated May 4, 1978, is reversed, and this case is remanded to the Board with directions that the Board accept, as timely filed, claimant's petition

---

[3] In fact, claimant testified that he received $150 a month in disability pension. Claimant's pension calculation form determined claimant's monthly pension by taking the greater of $150 or a figure arrived at by factoring in the pension applicant's years of service with the employer. The referee found as a fact that claimant received $273 a month in disability pension. Without ruling on the accuracy of the referee's finding of fact, we simply note that the major factor in determining the *amount* of claimant's monthly pension benefits was his length of service with the employer.

432

to set aside a final receipt and reinstate compensation. The Board is further directed to process claimant's petition, consistent with this opinion.