521 A.2d 100

Carol C. Roberts, Petitioner *v.* Workmen's Compensation Appeal Board (Merck, Sharp & Dohme and PMA Insurance Company), Respondents.

Argued December 11, 1986, before Judges CRAIG and COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Kingsley A. Jarvis,* for petitioner.

*Samuel H. Pond,* with him, *Mark Myers,* for respondents.

OPINION BY JUDGE COLINS, February 19, 1987:

Carol C. Roberts (claimant) appeals an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's dismissal of her claim for workmen's compensation as barred by the three year statute of limitations applicable to such proceedings. *See* Section 315 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §602.

Claimant was employed by Merck, Sharp & Dohme (employer) as a machine operator when she suffered an allergic reaction on February 25, 1976, allegedly in re-

sponse to contaminants distributed by a malfunctioning ventilation system in the employer's manufacturing facility. Claimant received sick pay from that date until August, 1976, and thereafter received disability compensation until August 25, 1978, under an Equitable group insurance policy maintained by the employer. Her claim for workmen's compensation filed with the employer's insurer at some point during the summer of 1976 was denied by that carrier on November 8, 1976. Claimant did not file a petition with the Bureau of Workers' Compensation (Bureau) until April 27, 1981, some five years after her alleged work-related injury. After hearings, the referee dismissed claimant's petition as untimely, the Board affirmed and this appeal followed.

Upon appeal, claimant contends that: (1) her receipt of long-term disability payments under the employer's group policy tolled the applicable statute of limitations so that her subsequent petition for workmen's compensation was in fact timely; and (2) the employer was estopped from raising the issue of timeliness because the notice of denial of workmen's compensation issued by the employer's carrier on November 8, 1976, erroneously indicated that the applicable statute of limitations was two years rather than three years as provided in Section 315 of the Act.

Section 315 states that:

In cases of personal injury all claims for compensation shall be forever barred, unless, within three years after the injury, the parties shall have agreed upon the compensation payable under this article; or unless within three years after the injury, one of the parties shall have filed a petition as provided . . . [hereinafter]. . . . Where, however, payments of compensation have been made in any case, said limitations

shall not take effect until the expiration of three years from the time of the making of the most recent payment prior to date of filing such petition: *Provided, That any payment made under an established plan or policy of insurance for the payment of benefits on account of non-occupational illness or injury and which payment is identified as not being workmen's compensation shall not be considered to be payment in lieu of workmen's compensation, and such payment shall not toll the running of the Statute of Limitations.* (Emphasis added.)

We must ascertain whether the payments to claimant in the instant matter were indeed compensation effecting a suspension of the limitation period, such limitation commencing upon the last payment made.

The claimant bears the burden of demonstrating that the "moneys were paid and received as compensation under the Act and not as wages for employment," *Workmen's Compensation Appeal Board v. Kennedy,* 21 Pa. Commonwealth Ct. 76, 78, 342 A.2d 828, 829 (1975), and such a fact must clearly appear in the record. *Workmen's Compensation Appeal Board v. Niemann,* 24 Pa. Commonwealth Ct. 377, 356 A.2d 370 (1976). The claimant must present sufficient evidence to support a finding that the employer intended to compensate an employee for loss of earning power due to a work-related injury. *See generally Temple v. Pennsylvania Department of Highways,* 445 Pa. 539, 285 A.2d 137 (1971); *Helstrom v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 113, 401 A.2d 882 (1979); *see also* Torrey, *Time Limitations in the Pennsylvania Workmen's Compensation and Occupational Disease Acts: Theoretical Doctrine and Current Applications,* 24 Duq. L. Rev. 978, 1118-25 (1986). The fact that payments were made to the employee while

she was incapacitated and not working cannot alone support the conclusion that payments were made in lieu of compensation. *See Kennedy.* The proviso to Section 315 quoted above indicates that payments under an "established plan or policy of insurance" made for purposes other than compensation for a work-related injury, and which "payment[s] [are] identified as *not being* workmen's compensation" will not toll the statute of limitations. (Emphasis added.)

The claimant does not allege that the benefits she received were at any time designated by the employer as workmen's compensation. Indeed, she proffered the employer's denial of her workmen's compensation claim at the hearings before the referee, which denial clearly indicated that compensation was refused because her disability was not work-related. Her brief to this Court states, and her testimony before the referee corroborates, that she received long-term disability benefits from Equitable Insurance Company.

The claimant contends that *"payments of any kind* being made to a disabled employee, although not formally under the Act except payments that are made for services being rendered" will toll the limitation period of Section 315. Such an interpretation is not encompassed by the above-quoted proviso to that section.

The claimant quotes extensively in her brief from Section 5.42(3) of Judge BARBIERI's learned treatise entitled Pennsylvania Workmen's Compensation and Occupational Disease, wherein Judge BARBIERI cites *Creighton v. Continental Roll & Steel Foundry Co.,* 155 Pa. Superior Ct. 165, 173, 38 A.2d 337, 341 (1944) as follows:

> [W]hen an employee is *totally disabled* and the employer, while denying any liability for workmen's compensation, nevertheless pays the employee regular stated amounts, weekly or month-

ly, either out of its own general funds, or out of sick or accident benefits or relief funds contributed by it, not as wages or salary for work performed, but in relief of the employee's incapacity to labor, on its being determined that employee is entitled to workmen's compensation, the amount paid by the employer discharges its liability for compensation. . . . (Emphasis in original.)

*Creighton* was an occupational disease case and the issue of the tolling of the limitations period was an extrinsic matter. Moreover, the proviso to Section 315 pertaining to payments by the employer "on account of non-occupational illness or injury . . . identified as not being workmen's compensation" was enacted after *Creighton* and must control our disposition of this matter.

The claimant's reliance on *Marshall v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 426, 418 A.2d 769 (1979), is misplaced. In *Marshall,* and in reliance upon *Creighton,* this Court held that monthly disability payments made to a claimant by his employer tolled the limitation period in Section 434 of the Act (governing the setting aside of a final receipt). However, there is no proviso to Section 434[1] specifically

---

[1] While Section 434 of the Act, 77 P.S. §1001, has been amended several times, it has never contained a proviso comparable to that found in Section 315 exempting "payment[s] made under an established plan or policy of insurance . . . on account of non-occupational illness or injury . . . identified as not being workmen's compensation . . ." from tolling the limitations period. Section 434 reads as follows:

A final receipt, given by an employe or dependent entitled to compensation under a compensation agreement notice or award, shall be prima facie evidence of the termination of the employer's liability to pay compensation under such agreement notice or award: Provided, however,

exempting non-occupational illness or injury payments made under an established insurance plan as it appears in Section 315. We thus distinguish any tolling effects of disability compensation under those two sections of the Act and conclude that the long-term disability compensation received by the claimant in the instant matter did not toll the limitations period under Section 315.

We find no merit in the claimant's contention that the employer is estopped from asserting the issue of timeliness. Claimant contends that she was misled by a statement on the notice of denial received from the employer's workmen's compensation insurance carrier indicating that the applicable statute of limitations was two years rather than three years as provided in Section 315.

The claimant argues that the erroneous statement as to the limitations period precipitated the following series of events: upon receipt of said denial, she consulted an attorney who ultimately "did nothing" in furtherance of her claim. She finally consulted a second attorney some two and a half years after the commencement of her disability. This attorney, in reliance upon the representation contained in the denial form, believed that any claim was untimely and, accordingly, did not file a petition. This second attorney eventually filed a claim petition on April 27, 1981, some five years after the claimant's alleged work-related injury.

It is true that when an employer deceives a claimant and thus delays the initiation of a claim, the employer is estopped from asserting as a defense the claimant's be-

That a referee designated by the department may, at any time within three years from the date to which payments have been made, set aside a final receipt, upon petition filed with the department, or on the department's own motion, if it be shown that all disability due to the injury in fact had not terminated.

lated pursuance of his rights. *Taglianetti v. Workmen's Compensation Appeal Board,* 63 Pa. Commonwealth Ct. 456, 439 A.2d 844 (1981). Such actions on the part of the employer, whether intentional or unintentional, will toll the limitations period of Section 315. *Dudley v. Workmen's Compensation Appeal Board (Township of Marple),* 80 Pa. Commonwealth Ct. 233, 471 A.2d 169 (1984), *aff'd,* 510 Pa. 283, 507 A.2d 388 (1986). However, the Act does not place on an employer the affirmative duty of advising a claimant of his rights under the Act, *Taglianetti,* and we will not impose such a burden under the facts of this case.

Having concluded that the payments received by claimant from insurance provided at her employer's expense were not workmen's compensation benefits so as to toll the running of the three year statute of limitations, and that claimant was not misled by representations of the employer, we are constrained to find that claimant's petition for compensation is time barred.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, February 19, 1987, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.