547 A.2d 806

NUS Corporation and General Accident Insurance Company, Petitioners *v.* Workmen's Compensation Appeal Board (Garrison), Respondents.

Submitted on briefs February 4, 1988, to Judges DOYLE and McGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Matthew R. Wimer, Reale, Fossee & Ferry, P.C.,* for petitioners.

*Victor H. Pribanic,* for respondent.

OPINION BY SENIOR JUDGE KALISH, September 13, 1988:

NUS Corporation and General Accident Insurance Company petition for review of an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision granting workmen's compensation benefits to David L. Garrison, claimant. We affirm in part and remand in part.

On January 12, 1979, claimant suffered a heart attack while working as an employee for NUS Corporation (employer). He filed a claim petition on March 28, 1983, four years, two months and sixteen days following the heart attack.

The employer contends that the claim is barred by the three year statute of limitations provision of section 315 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §602.

The claimant argues that the payments made to him during the period of his total disability were payments in lieu of compensation, thereby tolling the statute of limitations period until these payments ceased on October 13, 1980. Therefore, when he filed his claim petition on March 28, 1983, it was timely filed. Furthermore, he argues that the employer's conduct lulled him into a false sense of security with respect to filing his claim for workmen's compensation, so that the employer is estopped from using the statute of limitations as a defense.

After a hearing, the referee found that claimant's injury was work-related and that claimant was totally disabled from January 12, 1979 through October 13, 1980 and partially disabled from October 14, 1980 through May 1, 1981. The referee also found that claimant received long term disability payments from the Union Mutual Insurance Company pursuant to a group insur-

ance policy from January 13, 1979 through October 13, 1980, during which period he was totally disabled. The referee concluded that the applicable period for the statute of limitations was tolled by virtue of the employer's payments to claimant in lieu of compensation and that the employer's conduct amounted to estoppel, so the claim petition was timely filed.

The Board, without taking any testimony affirmed the referee with the exception that the Board found that the referee erred as a matter of law when he determined that the employer lulled claimant into a false sense of security with respect to his right to workmen's compensation.

Since no constitutional issues were raised, our scope of review is to determine whether the referee's findings are supported by substantial evidence or whether an error of law was committed. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

Section 315 of the Act, 77 Pa. C. S. §602, provides that all claims for compensation shall be forever barred, unless, within three years after the injury, *payments of compensation* have been made whereupon the said limitations shall not take effect until the expiration of three years from the time of making the most recent payment prior to the date of filing such petition.[1]

----

[1] The reason for the rule is that by such payments, the employer recognizes that the claimant is suffering from a work-related injury and upon cessation of payments, the parties are returned to their status quo allowing the claimant the full period of time to assert his claim. *Chase v. Emery Manufacturing Co.*, 271 Pa. 265, 113 A. 840 (1921). Such payments are deemed to have been made in lieu of compensation, just as if they had been formal payments rendered under the Act. *Miller v. Springfield Township Highway Department;* 202 Pa. Superior Ct. 616, 198 A.2d 399 (1964).

The term "payments of compensation" means *any* voluntary or informal compensation, apart from the Act, paid *with the intent* to compensate for a work-related injury. *Chase v. Emery Manufacturing Co.,* 271 Pa. 265, 113 A. 840 (1921). Payments made without the intent to compensate for a work related injury will not toll the limitation period. Section 315 of the Act, 77 P.S. §602, provides:

[A]ny payment made under an established plan or policy of insurance for the payment of benefits on account of *non-occupational* illness or injury and which payment is identified as not being workmen's compensation shall *not* be considered to be payment in lieu of workmen's compensation, and such payment shall *not* toll the running of the statute of limitations. (Emphasis added.)

This does nothing more than express the general policy that it is the *intent* of payment that is its predominant characteristic.

In order to demonstrate necessary intent, the burden is upon claimant to show that the monies paid to him were paid and received *as compensation* under the Act and the record must demonstrate that such finding is based on substantial evidence. *Workmen's Compensation Appeal Board v. Niemann,* 24 Pa. Commonwealth Ct. 377, 356 A.2d 370 (1976).

Here, the record shows that pursuant to the group insurance policy which was funded by contributions from the employer and its employees, claimant received long term disability payments from Union Mutual Insurance Company from August 14, 1973 until October 13, 1980. Although these payments were not identified as to their purpose, they were paid to the claimant while he was totally disabled. When a person is totally disabled, it may be reasonably inferred from such long

term disability payments that the claimant is suffering from a work-related injury for which he was compensated. *Workmen's Compensation Appeal Board v. Kennedy,* 21 Pa. Commonwealth Ct. 76, 342 A.2d 828 (1975). " 'It is only where the employee is not totally disabled and actually performs some labor for which he is paid wages or salary . . . that such payments will not extend the time within which the claim petition must be filed. . . .' " *Kennedy,* quoting from *Creighton v. Continental Roll & Steel Foundry Co.,* 155 Pa. Superior Ct. 165, 174, 38 A.2d 337, 341 (1944). Compensation for total disability is based on a number of factors which show an effect on the claimant's economic horizon, that is, a loss of earning power and not a payment based on loss of wages alone. *Harbison-Walker v. Workmen's Compensation Appeal Board,* 40 Pa. Commonwealth Ct. 556, 397 A.2d 1284 (1979). In *Creighton,* since the payment was only for the remaining three days of a final pay period, it could not reasonably be inferred that the intent was to compensate for the work-related injury.

Another factor to be considered in drawing an inference of intent is that the record shows that although claimant suffered the heart attack at his employer's business and was paid while totally disabled, it was not until claimant filed his claim petition that the employer denied that the heart attack was work-related.

The employer relies on *Roberts v. Workmen's Compensation Appeal Board (Merck, Sharp & Dohme),* 104 Pa. Commonwealth Ct. 114, 521 A.2d 100 (1987), which held that long term disability payments received by a claimant did not extend the statute of limitations period under section 315 of the Act, 77 P.S. §602. However, in *Roberts,* the evidence was insufficient from which it could reasonably be inferred that the payments were made in lieu of compensation. For example, in *Roberts,* the claimant filed a claim petition for work-

men's compensation with the employer's insurer in August of 1976 and it was denied in November of 1976 because the claimant's disability was *not* work-related. From this alone, the claimant had notice that subsequent payments were *not* made in lieu of workmen's compensation. Here, claimant had no such notice prior to the time he filed his claim petition.

It is the *intent* with which payments are made when there is a work-related injury that governs. This is based on Judge KELLER's opinion in the *Creighton* case and followed in *Kennedy*. The court there indicated that no matter where the money came from, if the claimant is totally disabled and the money is being paid in relief of the employee's capacity to labor, it having been determined that the employee is entitled to workmen's compensation, the amount paid *raises a rebuttable presumption,* a sufficient inference of an intent to compensate. Section 315 of the Act, 77 P.S. §602, says, in effect, that there is no such presumption when payments are made pursuant to a plan for *non-occupational injury or illness* which is identified as not being workmen's compensation.

In the *Roberts* case, there was no work-related injury. In the present case, there is no issue of the section 315 proviso. The claimant suffered from a work-related heart attack and was paid while totally disabled. This is insufficient to overcome the presumption.

On the issue of estoppel, claimant has the burden of proving that the failure to file his petition on time and toll the statute of limitations was based upon his reliance on the employer's misleading statements. *Dudley v. Workmen's Compensation Appeal Board (Township of Marple),* 80 Pa. Commonwealth Ct. 233, 471 A.2d 169 (1984), *aff'd,* 510 Pa. 283, 507 A.2d 388 (1986).

The record shows that in order to receive long term disability benefits, claimant was required to sign an ap-

plication and answer certain questions on the application. One of the questions was, "[I]s your accident or illness related to your occupation?" He answered, "No." Claimant and his wife testified that this answer was based on the advice of Nancy Davis of the employer's personnel department who had advised them that claimant was not entitled to receive workmen's compensation benefits since his injury was not an injury involving physical trauma. Davis illustrated the point to claimant and his wife by comparing the claimant's injury with that of a person falling off a ladder as the kind of injury that *is* compensable. Notes of Testimony (N.T.) at 7-8 and 71. The referee concluded that claimant was deceived or lulled into a false sense of security with respect to his right to workmen's compensation benefits. The Board found that the referee erred on this issue as a matter of law. We agree with the Board.

The appellate court can always review deductions, conclusions or inferences from the facts as found by the fact finder. The appellate court can competently draw appropriate inferences and conclusions from the evidence, regardless of the action of the Board. *Kemp v. Majestic Amusement Co.*, 427 Pa. 429, 234 A.2d 846 (1967).

The representation of Nancy Davis was based upon a mistaken legal conclusion that claimant's injury was not an injury within the contemplation of the workmen's compensation law. No reliance creating an estoppel can be placed on another's legal conclusions. The knowledge of the law is equally available to both parties. *Ham v. Gouge*, 214 Pa. Superior Ct. 423, 257 A.2d 650 (1969).

The employer also contends, and the claimant agrees, that the Board erred in affirming the referee's decision that claimant's compensation benefits should be increased from the maximum benefits payable for a 1979 injury to the maximum rate payable during 1980

for the periods of disability sustained during 1980. The employer contends that claimant's disability rate is based upon the wages he was earning during the year of his *injury*, and that he can never receive more than the compensation rate for the year of his injury and disability payments. The referee found that claimant sustained his work-related injury in 1979. The maximum rate for an injury that *occurred* in 1979 was $227 per week, but the referee awarded $242 per week for the period of time that claimant was disabled during 1980. The Board affirmed the referee. The maximum compensation rate for injuries which *occurred* during 1980 was $242 per week. This was an error of law and the matter is remanded to the Board for the purpose of correcting the award.

The employer contends that if the payments made to the claimant by the employer and Union Mutual Insurance Company do in fact constitute payments in lieu of compensation, then the employer and Union Mutual Insurance Company are entitled to a credit against compensation payments for benefits which it is required to make to the claimant. The claimant argues that since this issue was first raised on appeal, and was not raised before the referee or the Board, it was not preserved for appeal. However, the issue that was raised prior to the appeal was the question of whether the payments that were made to claimant were in lieu of compensation. On that issue the employer is entitled to a credit.

Accordingly, we affirm as to the Board's decision to award benefits to claimant. We remand for a determination as to the amount of the award, and we remand for a determination as to the credit due to the employer and its insurance carrier.

## Order

Now, September 13, 1988, the order of the Workmen's Compensation Appeal Board, Decision No. A-

90854, is affirmed as to the decision to award benefits, and this matter is remanded for a determination as to the amount of the award and as to the amount of credit due to petitioners.

Jurisdiction relinquished.