578 A.2d 572

**Robert BERGMEISTER, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (PMA INSURANCE COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted March 2, 1990.

Decided July 18, 1990.

Reargument Denied September 12, 1990.

Thomas F. McDevitt, Thomas F. McDevitt, P.C., Philadelphia, for petitioner.

Clifford A. Goldstein, Rawle & Henderson, Philadelphia, for respondent, PMA Ins. Co.

Before CRAIG and DOYLE, JJ., and BARRY, Senior Judge.

## OPINION

BARRY, Senior Judge.

Robert Bergmeister, claimant, appeals from an order of the Workmen's Compensation Appeal Board (Board), which dismissed as untimely his claim petition, reversing an order of a referee granting claimant's claim petition and awarding him benefits.

Claimant was employed by PMA Insurance Company, (employer), beginning in 1958. In 1981, he began suffering from heart-related problems and underwent a catheterization and double bypass surgery. For the two years following he continued to suffer from chest pain, headaches and high blood pressure. Fearful of a heart attack he again visited a doctor and was advised to withdraw from work. Stress from work was identified as contributing to his heart problem. The claimant discontinued his employment on January 25, 1983. Within a few days, the claimant gave notice to his employer of his doctor's advice and the employer agreed "that claimant's continuance of his job would be injurious to his health." (Referee's Decision, 2/25/88, Factual Finding No. 2.) Employer paid claimant full salary for

six months and then paid him long-term disability for twenty-four months at 60% of his gross salary. In January, 1986, claimant received severance pay and on March 3, 1986, claimant filed his claim petition, later correcting his date of injury to January 25, 1983.

After considering the testimony, the referee found the claimant's heart disease to be work-related. The referee's finding of fact No. 3 states that:

Harry Shubin, M.D., a certified physician in both pulmonary and cardiac disease, testified on behalf of claimant. He said he examined claimant on September 3, 1986, took a history and reviewed the relevant medical records. Based on the above, Dr. Shubin diagnosed claimant as having coronary artery disease with partial obliteration of many of his vessels, and also, recurrent attacks of angina pectoris which is the result of vasoconstriction of his coronary arteries causing a temporarily impaired blood supply to the heart. He opined that claimant's present illness is causally related an/or [sic] was aggravated by his work and the pressure and stress entailed. He further said that claimant could no longer perform his job with defendant after January 25, 1983, because of his advanced coronary artery disease and that claimant's work stress after the bypass had been bringing back the "occulusive process". Finally, Dr. Shubin recommended that claimant work in a non-stressful position such as the part-time real estate job he had been doing since March of 1986. He opined that if claimant were to return to his same job, his health would regress and his chest pain would worsen. I have reviewed Dr. Shubin's testimony and find it to be both credible and persuasive.

(Referee's Decision, 2/25/88.) Thus, he determined that claimant's heart disease was work-related. He also found that the six month disability payments were payments made in lieu of compensation and that the statutory period for filing did not begin until the last of these payments. The claim was deemed timely and claimant was awarded compensation.

The Board reversed the referee's decision on appeal by the employer and concluded that the payments were *not* in lieu of compensation and that claimant's petition was thus time-barred. This appeal by claimant has followed.

Since no constitutional issues were raised, our scope of review is limited to determining whether the referee's findings are supported by substantial evidence or whether an error of law was committed by the Board. *Bailey v. Workmen's Compensation Appeal Board (Lawton Feed & Supply, Inc.)*, 105 Pa.Commonwealth Ct. 106, 523 A.2d 415 (1987).

On appeal, claimant contends that his claim was not time-barred because the payments he received from the employer were payments in lieu of compensation and tolled the statute of limitations.

■ Section 315 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031, states that all compensation claims are forever time-barred unless a claim petition is filed within three years of the injury. This section provides that the running of the three-year period will be tolled if payments of compensation have been made, including payments made in lieu of compensation, in which case the time period will be extended to three years from the time of making the most recent payment. *NUS Corp. v. Workmen's Compensation Appeal Board (Garrison)*, 119 Pa. Commonwealth Ct. 385, 547 A.2d 806 (1988). These payments must be made by employer for a work-related injury and with the intent to compensate the claimant for this injury.

The Board and employer rely on *Roberts v. Workmen's Compensation Appeal Board (Merck, Sharp & Dohme)*, 104 Pa.Commonwealth Ct. 114, 521 A.2d 100 (1987), which held that the statute of limitations was not extended by the long-term disability payments received by the petitioner. The decision in *Roberts* was based on Section 315 of the Act which states, in part:

[A]ny payment made under an established plan or policy of insurance for the payment of benefits on account of *non-occupational* illness or injury which payment is identified as not being workmen's compensation shall not be considered to be a payment in lieu of workmen's compensation, and such payment shall not toll the running of the statute of limitations.

77 P.S. § 602.

■ This section clearly states that the statute is not tolled when the payments are made pursuant to an established plan or policy, which payments are identified as *not* being workmen's compensation *and* which are made for a non-work related injury. The claimant bears the burden of demonstrating that the employer intended to compensate an employee for loss of earning power due to a work-related injury. *Helstrom v. Workmen's Compensation Appeal Board,* 43 Pa.Commonwealth Ct. 113, 401 A.2d 882 (1979).

In *Roberts,* the claimant failed to meet her burden of proving that her injury was work-related. Not only did the claimant there fail to allege that the benefits she received were at any time designated by the employer as workmen's compensation, but the employer denied her claim for workmen's compensation stating that her injury was not work-related.

The present case is clearly distinguishable from *Roberts,* in that there the payments were identified as *not* being workmen's compensation and were paid under a policy for a non-work related injury. The claimant in the present case had immediately notified his supervisor that his physician recommended to the claimant not to continue working because his illness was work-related and the employer agreed with the claimant that to remain employed would be injurious to claimant. The employer then began making payments to the claimant for this injury. The claimant was not able to continue his employment due to his injury; it may be inferred that these payments were compensation for a work-related injury. *NUS Corp.*

 An inference of intent to provide payments in lieu of compensation arises if the claimant is totally disabled from a work-related injury and money is being paid in relief of the employee's incapacity to labor. *Id.* In this case, there is sufficient evidence from which it may be inferred that the payments were made in lieu of compensation because of a work-related injury. The referee found accordingly.

The employer argues also that the payments made were characterized by both parties as short-term disability payments and that this characterization proves that the payments were not in lieu of compensation by the terms of their leave of absence policy. This argument is without merit because in the policy in question any short-term disability payments made to an employee are to be credited toward any amount owed by the employer for workmen's compensation. This demonstrates that the short-term disability payments may in certain circumstances, such as here, be payments in lieu of compensation.

There is sufficient evidence to show that the employer intended the short-term disability payments to be payments in lieu of compensation, thereby tolling the statute of limitations.

Accordingly, the order of the Board is reversed and the referee's decision awarding claimant compensation is reinstated.

## ORDER

NOW, July 18, 1990, the order of the Workmen's Compensation Appeal Board, dated September 18, 1989, at No. A–95630, is reversed and the referee's decision awarding claimant compensation is reinstated.

Former President Judge CRUMLISH, Jr., did not participate in the decision in this case.