IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Walter Swierbinski, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 971 C.D. 2021 |
| | : | |
| Scranton Restaurant Supply | : | |
| and Uninsured Employers | : | |
| Guaranty Fund (Workers' | : | |
| Compensation Appeal Board), | : | |
| Respondents | : | Submitted: February 3, 2023 |

BEFORE:   HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE ELLEN CEISLER, Judge
               HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER                                    FILED: March 20, 2023

Walter Swierbinski (Claimant) petitions this Court for review of the August 24, 2021 order of the Workers' Compensation Appeal Board (Board), which reversed the decision of a workers' compensation judge (WCJ) to the extent it imposed liability upon the Uninsured Employer's Guaranty Fund (Fund) for the payment of Claimant's workers' compensation benefits. The Board's August 24, 2021 order otherwise modified the WCJ's decision to reflect that Scranton Restaurant Supply (Employer) was solely liable for payment of Claimant's workers' compensation benefits. The issue before this Court is whether the Board erred in concluding that the Fund was not liable for Claimant's benefits because Claimant failed to timely notify the Fund of his work injury, as required by Section 1603(b)

of the Workers' Compensation Act (Act).[1]  After review, we reverse in part, and affirm in part, the Board's order.

## I.  Background

The underlying facts of this matter are largely undisputed.  On October 10, 2017, Claimant suffered a work injury to his left wrist, right elbow, and right shoulder after falling down a flight of stairs while in the course and scope of his work as a restaurant equipment repairman.[2]  Certified Record (C.R.), Item No. 2; Item No. 20, Notes of Transcript (N.T.), 10/4/19, at 18, 24.  Claimant notified Employer of his work injury that day.  *Id.* at 23.  He returned to work in a light duty capacity for a few weeks in January or February of 2018.  *Id.* at 23, 38.  Although Claimant only worked a few weeks following his work injury, Employer paid Claimant's regular wages through June 2018.  *Id.* at 28-29, 40.  Claimant advised his treatment providers that medical bills should be submitted to Employer under a workers' compensation claim.[3]  *Id.* at 37.  He first became aware that Employer did not have workers' compensation insurance in November 2017.  *Id.* at 38.

Claimant filed a claim petition against Employer on July 16, 2019, seeking total disability benefits from October 10, 2017, and ongoing.  C.R., Item No. 2.  On July 24, 2019, Claimant filed a Notice of Claim Against Uninsured Employer (Notice).  C.R., Item No. 35.  Thereafter, on August 28, 2019, Claimant filed a claim

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of November 9, 2006, P.L. 1362, 77 P.S. § 2703(b).  Section 1603(b) provides that a claimant must notify the Fund within 45 days after he is advised that an employer is uninsured.  The claimant shall not receive compensation from the Fund unless notice is given.

[2] The extent and nature of Claimant's work injury is not at issue, and, therefore, we need not summarize the medical evidence further.

[3] Employer did not cover Claimant's medical bills.  C.R., Item No. 20, N.T., 10/4/19, at 26; Item No. 21, N.T., 4/9/20 at 20.

petition against the Fund. C.R., Item No. 4. The Fund filed an answer denying liability for Claimant's work injury on the basis that Claimant failed to timely notify the Fund of his work injury. C.R., Item No. 6. During an April 9, 2020 hearing before the WCJ, counsel for the Fund acknowledged that Employer paid Claimant wages in lieu of compensation, but asserted that Employer's actions did not bind the Fund with respect to paying Claimant's workers' compensation benefits. C.R., Item No. 21, N.T., 4/9/20, at 9. Employer did not appear at any hearings before the WCJ or otherwise present a defense to the claim petition. According to Claimant, Employer went out of business in early 2019. C.R., Item No. 20, N.T., 10/4/19, at 39. Counsel for Claimant indicated during the April 9, 2020 hearing that Employer had filed for bankruptcy. C.R., Item No. 21, N.T., 4/9/20, at 7.

The WCJ granted the claim petition filed against the Fund in a decision circulated on September 28, 2020. C.R., Item No. 7 at 9. The WCJ credited Claimant's testimony that he was aware in November 2017 that Employer did not have workers' compensation insurance and that Employer paid Claimant wages in lieu of compensation for a period of time. C.R., Item No. 7, Finding of Fact (F.F.) No. 21. The WCJ acknowledged that Claimant did not provide notice to the Fund within 45 days of November 2017. *Id.* Nevertheless, the WCJ found that, because Employer paid Claimant wages in lieu of compensation, the Fund was estopped from denying liability for Claimant's work injury. *Id.* Accordingly, the WCJ concluded that the Fund was responsible for paying Claimant's workers' compensation benefits, including any related medical expenses, with the Fund receiving a credit for any wages Employer paid in lieu of workers' compensation. Conclusion of Law (C.L.) No. 3.

3

The Fund appealed to the Board,[4] arguing that Claimant failed to notify the Fund within 45 days of the date that he knew Employer was not insured, as required by Section 1603(b) of the Act, and that the Fund was not bound by Employer's payment of wages in lieu of workers' compensation. C.R., Item No. 14. The Fund also argued that the WCJ erred in not granting the claim petition filed against Employer, as the Fund could only be held secondarily liable to a primarily liable employer.

The Board reversed, noting that Section 1603(b) of the Act barred the payment of compensation by the Fund if notice was not provided within 45 days. The Board recognized that Section 1603(b) had recently been amended by the Act of October 24, 2018, P.L. 804, No. 132 (Act 132), and that, prior to Act 132's enactment, Section 1603 only barred compensation *until* notice was given to the Fund that an employer was uninsured. Section 4(2) of Act 132 provided, however, that the amendment to Section 1603(b) applied retroactively to claims existing as of October 24, 2018,[5] for which compensation had not been paid or awarded. The Board interpreted this language to require that amended Section 1603(b) applied retroactively unless a claimant had been paid compensation "under the Act or an award by the WCJ." C.R., Item No. 17, Board Decision at 9. The Board reasoned that Employer's payment of wages in lieu of workers' compensation did not constitute compensation paid under the Act or pursuant to an award by a WCJ, in

---

[4] Claimant also appealed a finding by the WCJ that unpaid medical bills submitted into the record did not relate to his work injury but instead stemmed from an unrelated civil matter. C.R., Item No. 12. The Board agreed with Claimant after determining that the WCJ misapprehended the evidence, which indicated that the medical bills at issue were introduced as part of a civil action filed against the business upon whose property Claimant sustained his work injury. C.R., Item No. 17.

[5] Act 132 became effective immediately upon enactment.

part because Employer had not formally accepted liability for Claimant's work injury. *Id.* Accordingly, the Board held that Claimant was required to notify the Fund within 45 days of the date he knew that Employer was uninsured, which occurred in November 2017. *Id.* As Claimant did not file his claim petitions until July 2019, the Board concluded that his claim was barred by the amendment to Section 1603(b). *Id.* Furthermore, while Employer was estopped from denying liability for Claimant's work injury, having paid Claimant his regular wages in lieu of workers' compensation, Section 1601 of the Act[6] explicitly states that the Fund "shall not be considered an insurer[.]" Therefore, the Fund could not be "substituted for [Employer's] insurer" and "absorb [Employer's] liability to Claimant[.]" Board Decision at 10.

The Board agreed that the WCJ erred in failing to find Employer primarily liable for Claimant's work injury. Therefore, while the Board reversed the WCJ's decision imposing liability against the Fund, it granted the claim petition filed against Employer and modified the WCJ's decision to reflect that Employer remained solely liable for Claimant's work injury. This appeal followed.[7]

## II. Issues

On appeal, Claimant argues that, because Employer paid Claimant wages in lieu of workers' compensation, the Board erred in concluding that the Act 132 amendment to Section 1603(b) applied retroactively to bar Claimant from seeking compensation from the Fund.

---

[6] Added by the Act of November 9, 2006, P.L. 1362, 77 P.S. § 2701.

[7] Our review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, or whether necessary findings of fact are supported by substantial evidence. *City of Phila. v. Workers' Comp. Appeal Bd. (Sherlock)*, 934 A.2d 156, 159 n.5 (Pa. Cmwlth. 2007).

5

### III. Discussion

Section 1602 of the Act[8] established the Fund "for the exclusive purpose of paying" workers' compensation benefits under the Act to a claimant whose employer failed to carry workers' compensation liability insurance at the time the work injury occurred. Section 1603(b) of the Act currently mandates that an injured employee notify the Fund within 45 days after being advised that his employer is uninsured. Thus, Section 1603(b) acts as a complete bar to compensation if the Fund has not received notice within 45 days. Prior to its amendment by Act 132, Section 1603(b) provided that a claimant who failed to give the Fund notice within 45 days was not barred from filing a claim under the Act. Rather, a claimant could not receive workers' compensation benefits from the Fund *until* notice was provided, and the claimant could only receive benefits from the date notice was given. *See Lozado v. Workers' Comp. Appeal Bd. (Dependable Concrete Work & Uninsured Emps. Guar. Fund)*, 123 A.3d 365, 377 (Pa. Cmwlth. 2015) (failure to meet the 45-day notice requirement in Section 1603(b) of the Act does not completely bar payment of compensation; it merely delays such payments until the date notice is given).

In concluding that Claimant was not barred from receiving workers' compensation benefits from the Fund, the WCJ relied on *Kelly v. Workmen's Compensation Appeal Board (DePalma Roofing)*, 669 A.2d 1023 (Pa. Cmwlth. 1995), in which this Court held that an employer voluntarily paying an injured employee wages in lieu of workers' compensation benefits, and who failed to file a Notice of Compensation Denial, could not later deny that the employee's injury was work related. Given our holding in *Kelly*, the WCJ determined that Employer's wage

---

[8] Added by the Act of November 9, 2006, P.L. 1362, 77 P.S. § 2702.

6

payments similarly bound the Fund and precluded it from denying liability for Claimant's work injury.

The Board disagreed with the WCJ's interpretation of *Kelly*, holding that it should apply narrowly to situations in which an employer or insurer "lulled a claimant into complacency" through the payment of wages in lieu of compensation, thereby causing the claimant to file an untimely claim petition. *Kelly*, according to the Board, was not intended to transfer an employer's or insurer's liability to another entity, such as the Fund.

At the outset, we agree with the Board that *Kelly* does not guide our decision here, although our reasoning differs. The employer in *Kelly* denied that the claimant's injury was sustained in the course and scope of employment after paying the claimant wages in lieu of compensation for several months. Instantly, the Fund has not denied that Claimant suffered a work injury or that Employer paid Claimant wages in lieu of compensation. Rather, it denies liability on the basis that Claimant did not notify the Fund within 45 days after he was advised that Employer was uninsured. As the facts are undisputed, we are faced with the purely legal question of whether the Board erred in applying amended Section 1603(b) retroactively to bar Claimant's claim against the Fund after concluding that wages in lieu of compensation are not compensation "paid or awarded" under Section 4(2) of Act 132.

Claimant argues that his claim does not meet the requirements for retroactive application of the amendment to Section 1603(b) because Employer paid him wages in lieu of compensation prior to October 24, 2018, when amended Section 1603(b) went into effect. As a result, Claimant maintains that the WCJ properly concluded the Fund was liable for payment of his workers' compensation benefits, and the

7

Board erred in reversing the WCJ. Claimant also notes that the Fund's stated purpose is to pay workers' compensation benefits to an injured employee whose employer failed to carry workers' compensation insurance. Reversing the Board would merely hold the Fund to its purpose.

Per Section 4(2) of Act 132, the amendment to Section 1603(b) applies "retroactively to claims existing as of October 24, 2018, for which compensation has not been paid or awarded." In its brief filed in support of the Board's decision, the Fund argues that "compensation" in Section 4(2) is governed by the definition of compensation in Section 1601 of the Act, 77 P.S. § 2701, which limits the term to "[b]enefits paid pursuant to" Sections 306 and 307 of the Act.[9] Because Claimant did not receive benefits pursuant to Sections 306 and 307 of the Act, the Fund contends that he was not paid or awarded compensation for purposes of Section 4(2) of Act 132. Additionally, the Fund notes that Claimant admitted he was aware in November 2017 that Employer was uninsured, but his claim petitions were not filed until July 2019. Claimant does not deny that he failed to notify the Fund of Employer's status within 45 days of November 2017. As a result, the Fund contends that amended Section 1603(b) applies retroactively to bar any claim Claimant could assert against the Fund. Even if this Court determines that Claimant was "paid or awarded" compensation under Section 4(2) of Act 132, the Fund argues that amended Section 1603(b) applies retroactively because Claimant did not have a claim "existing as of October 24, 2018," having filed his first claim petition on July

---

[9] Sections 306 and 307 of the Act establish the schedules of compensation for total and partial disability, specific loss, and survivor's benefits. Section 306 of the Act, 77 P.S. §§ 511, 511.1, 511.3, 512, 513, 514, 531, 531.1, 541, and 583. Section 306(a.1) was added by the Act of June 24, 1996, 77 P.S. § 511.1. Section 306(a.3) was added by the Act of October 24, 2018, P.L. 714, 77 P.S. § 511.3. Section 306(f.2) was added by the Act of July 2, 1993, P.L. 190, 77 P.S. § 531.1. Section 306(h) was added by the Act of December 5, 1974, P.L. 782, 77 P.S. § 583. Section 307 of the Act, 77 P.S. §§ 542, 561, and 562.

8

16, 2019. The Fund provides no legal authority to support its argument that a workers' compensation claim does not exist until a claim petition is filed.

First, we will address whether payments in lieu of compensation qualify as compensation paid or awarded under Section 4(2) of Act 132. "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly [(GA)]." 1 Pa.C.S. § 1921(a). In the absence of a demonstrated constitutional infirmity, courts must generally apply the plain terms of a statute, as written. *Lower Swatara Twp. v. Pa. Lab. Rels. Bd.*, 208 A.3d 521, 530 (Pa. Cmwlth. 2019). Where the plain language in a statute is unambiguous, we must apply that language "without employing familiar canons of construction and without considering legislative intent." *Dubose v. Quinlan*, 173 A.3d 634, 643 (Pa. 2017). The plainness or ambiguity of statutory language is determined by reference to the language itself, as well as the specific context in which the language is used and the broader context of the statute as a whole. *Roethlein v. Portnoff Law Assocs., Ltd.*, 81 A.3d 816, 822 (Pa. 2013). We must not interpret statutory words in isolation but must read them with reference to the context in which they appear. *Id.* Moreover, we must presume that the GA "does not intend a result that is absurd, impossible of execution[,] or unreasonable." 1 Pa.C.S. § 1922(1). Words and phrases are to be construed according to their common and approved usage. 1 Pa.C.S. § 1903(a).

The Fund was established pursuant to the Act of November 9, 2006, P.L. 1362, which became effective on January 8, 2007. The statutory provisions governing the Fund are contained in Sections 1601 through 1610 of the Act. As noted above, "compensation" is defined in Section 1601 to mean benefits paid pursuant to Sections 306 and 307 of the Act. While Section 4(2) of Act 132 does not explicitly state that "compensation" "paid or awarded" is governed by the

statutory definition in Section 1601, it stands to reason that amended Section 1603(b) was not intended to apply retroactively in matters for which the payments at issue relate to losses that are not compensable under the Act. Such a conclusion is consistent with prior decisions of this Court holding that the Act does not extend to include non-health related losses sustained by an injured worker. *See Kerr v. Workmen's Comp. Appeal Bd. (Campbell Co.)*, 519 A.2d 62, 64 (Pa. Cmwlth. 1987). Our discussion does not end here, however, as Pennsylvania courts have consistently held that, in certain circumstances, payments made by an employer in lieu of compensation may be treated as workers' compensation benefits under the Act.

Payments of compensation have been defined by our Supreme Court as amounts "received and paid as compensation for injury or death of an employee, occurring in the course of employment." *Schreffler v. Workers' Comp. Appeal Bd. (Kocher Coal Co.)*, 788 A.2d 963, 967 (Pa. 2002). Payments made by an employer to an injured worker are "in lieu of compensation" when made voluntarily or informally, "apart from the Act," and "*paid with the intent to compensate for a work-related injury.*" *Dickerson v. Workers' Comp. Appeal Bd. (A Second Chance Inc.)*, 229 A.3d 27, 32 (Pa. Cmwlth. 2020) (emphasis in original) (internal citations omitted). It is the intent by which the payment is made, not the receipt thereof, that is relevant. *Kelly*, 669 at 1026. To demonstrate the necessary intent, the burden is on the claimant to show that payments made to him were received as compensation under the Act and the record must demonstrate that any such finding is based on substantial evidence. *NUS Corp. v. Workmen's Comp. Appeal Bd. (Garrison)*, 547 A.2d 806, 809 (Pa. Cmwlth. 1988). An employer effectively admits liability under the Act by paying wages in lieu of compensation. *Id.*

10

Payments made in lieu of compensation act to toll the statutory period for filing a claim petition under Section 315 of the Act,[10] provided payments are not made for services rendered, but to compensate a claimant's lack of earning power, "just as if they had been formal payments rendered under the Act." *NUS*, 547 A.2d at 809 n.1 (internal citations omitted). The source of "payments of compensation" need not be a workers' compensation carrier. *Harley Davidson, Inc. v. Workers' Comp. Appeal Bd. (Emig)*, 829 A.2d 1247, 1252 (Pa. Cmwlth. 2002). An employer is entitled to a credit or offset against its workers' compensation liability for amounts paid to an injured employee in relief of the employee's inability to work. *West Penn Allegheny Health Sys., Inc. v. Workers' Comp. Appeal Bd. (Cochenour)*, 251 A.3d 467 (Pa. Cmwlth. 2021). Presumably, if the Fund was deemed liable for payment of Claimant's workers' compensation benefits, the Fund would expect a credit in the amount of payments made by Employer in lieu of compensation.

Notably, the Fund has not argued that payments made by Employer were not intended to compensate Claimant for losses not covered by the Act. Indeed, the Fund has all but conceded that Employer made payments to Claimant in consideration of his inability to work following the October 10, 2017 work injury. The Fund's argument centers on the informality by which Employer tendered its payments in lieu of compensation.

We are not persuaded by the Fund's argument, as it lacks support from the applicable statutory provisions. Moreover, as the case law discussed herein demonstrates, under the right circumstances, payments made by an employer for the purpose of compensating an injured employee's inability to work may substitute for

---

[10] Section 315 of the Act, 77 P.S. § 602, provides that all claims for compensation are barred unless, within three years after the injury, the parties have either agreed on the amount of compensation payable, or a petition has been filed by one of the parties.

11

the payment of workers' compensation benefits. Such a circumstance exists in the instant appeal. While Claimant was advised in November 2017 that Employer was uninsured, Employer continued to pay Claimant's wages until June 2018, including periods during which Claimant suffered wage loss due to his work injury. These payments constitute compensation "paid or awarded" under Section 4(2) of Act 132. Neither the Fund, nor the Board in its decision, have advanced arguments that would compel a different outcome.

Accordingly, we conclude that the Board erred in concluding that amended Section 1603(b) applied retroactively to bar Claimant from filing a claim petition against the Fund. In so holding, we are mindful, as always, that the Act was intended to benefit injured employees and that we must interpret its provisions "liberally in the employee's favor in order to effectuate [the Act's] humanitarian objectives." *Cruz v. Workers' Comp. Appeal Bd. (Kennett Square Specialties)* 99 A.3d 397, 406 (Pa. 2014).

The Fund's alternative argument, that Claimant did not have a claim existing prior to October 24, 2018, also lacks merit. Section 1603(a) of the Act applies "to claims for an injury or a death which occurs on or after" November 9, 2006. In addition to amending Section 1603(b) of the Act, Act 132 placed the existing language from Section 1603(d) into a new subparagraph 1 and added subparagraph 2. Section 1603(d)(1) states that a claim petition may not be filed against the Fund "until at least 21 days after notice of the claim is made to the [F]und." 77 P.S. § 2703(d)(1). The language created for Section 1603(d)(2) requires that a claim petition be filed "within 180 days after notice of the claim is made to the [F]und." These provisions clearly indicate that an injured worker's "claim" exists separate and apart from the filing of a claim petition. The text of Act 132 does not suggest

12

that the term "claim" would have a different meaning in Section 1603(d) than it would in Section 4(2). In the absence of legislative intent to the contrary, we cannot interpret claims under Section 1603(d) to encompass work injuries for which litigation has not been initiated but limit claims under Section 4(2) to those matters in which a claim petition has been filed.

## IV. Conclusion

Claimant's receipt of payments in lieu of compensation constitutes compensation "paid or awarded" under Section 4(2) of Act 132. The Board erred in concluding otherwise, and, therefore, we reverse the Board's order to the extent it concluded that Claimant's claim petition against the Fund was barred by retroactive application of the amendment to Section 1603(b) of the Act and, based on that conclusion, reversed the WCJ's decision to grant Claimant's claim petition against the Fund. The Board's order is affirmed to the extent it granted Claimant's claim petition against Employer. Consequently, Employer is primarily liable for the payment of Claimant's workers' compensation benefits under the Act, including any reasonable and necessary medical expenses causally related to Claimant's October 10, 2017 work injury. The Fund is secondarily liable to Employer, consistent with the applicable provisions of the Act.

_____
ELLEN CEISLER, Judge

13

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Walter Swierbinski,                      :
               Petitioner               :
                                 :
        v.                        :  No. 971 C.D. 2021
                                 :
Scranton Restaurant Supply               :
and Uninsured Employers                  :
Guaranty Fund (Workers'                  :
Compensation Appeal Board),              :
               Respondents              :

# O R D E R

AND NOW, this 20th day of March, 2023, the August 24, 2021 order of the Workers' Compensation Appeal Board (Board) is reversed in part and affirmed in part. We reverse the Board's order to the extent it reversed the decision of a workers' compensation judge granting the claim petition filed by Walter Swierbinski (Claimant) against the Uninsured Employers Guaranty Fund (Fund). We affirm that part of the Board's order that granted the claim petition filed by Claimant against Scranton Restaurant Supply (Employer). Employer is primarily liable for payment of Claimant's workers' compensation benefits, including any reasonable and necessary medical expenses that are causally related to Claimant's October 10, 2017 work injury. The Fund is secondarily liable for payment of Claimant's workers' compensation benefits, including any reasonable and necessary medical expenses that are causally related to Claimant's work injury, pursuant to the applicable provisions of the Workers' Compensation Act.[1]

                                           _____

                                           ELLEN CEISLER, Judge

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.