# Paolis, Appellant, v. Tower Hill Connellsville Coke Company.

*Workmen's compensation — Payments of compensation — Payments for hospital service—Petition not filed within a year—Statute of limitations—Workmen's Compensation Act, June 2, 1915, P. L. 736, Sec. 306 (e), Sec. 315.*

1. Payments made for "surgical, medical and hospital services, medicines and supplies" under section 306 (e) of the Workmen's Compensation Act of June 2, 1915, P. L. 736, are not "payments of compensation" within the purview of section 315 of said act.

2. Hence such payments under section 306 (e) do not toll the running of the limitation prescribed by section 315.

3. Where a petition for compensation is not filed until more than one year after an accident, petitioner cannot recover although within the year a payment has been made to a hospital under section 306 (e).

Argued May 12, 1919. Appeal, No. 283, Jan. T., 1919, by plaintiff, from order of C. P. Fayette Co., Sept. T., 1918, No. 8, affirming order of Workmen's Compensation Board dismissing claim for compensation in the case of James Paolis v. Tower Hill Connellsville Coke Company. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Appeal from order of Workmen's Compensation Board disallowing compensation to plaintiff. Before VAN SWEARINGEN, P. J.

The referee, the workmen's compensation board and the court of common pleas denied the right to claim compensation upon the ground that the petition was not filed within the time provided by law. Plaintiff relied upon certain payments for hospital service to toll the statute. Plaintiff appealed.

*Error assigned* was the order of the court dismissing appeal.

*H. S. Dumbauld,* with him *L. B. Brownfield,* for appellant.

*Robert D. Dalzell,* of *Dalzell, Fisher & Dalzell,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, June 21, 1919:

On January 4, 1917, plaintiff was injured while working for defendant. He was taken to the Brownsville General Hospital for treatment, and on February 17, 1917, defendant's insurance carrier paid the hospital for its services, as required by section 306, clause (e), of the Workmen's Compensation Act of June 2, 1915, P. L. 736.

Nothing was done by plaintiff until February 1, 1918, when he filed his petition claiming compensation under said act. The referee, the workmen's compensation board and the court below, decided the claim was barred under section 315 thereof, because the petition was not filed until more than one year after the accident; and it is admitted this conclusion is correct, and the order dismissing the appeal should be affirmed, unless the payment to the hospital, was a "payment of compensation" wit.   the purview of the concluding language of the section, as follows: "Where, however, payments of compensation have been made in any case, said limitation shall not take effect until the expiration of one year from the time of the making of the last payment."

Article III of the act embraces the subject of compensation, and is divided into sections 301 to 319, each inclusive. Section 301 provides: "Compensation for personal injury......shall be made......according to the schedules contained in sections 306 and 307 of this article." Those schedules cover every kind of compensable injury and wherever therein the word "compensation" is used, it refers to payments to be made to the employee, or to his widow, children or dependents.

Clause (d) of section 306, which is not a part of the schedule, provides, however: "(d) No compensation shall be allowed for the first fourteen days after disability begins, except as hereinafter provided in clause (e) of this section"; and appellant argues from the use of the word "except" that the payments "hereinafter provided in clause (e)" are also intended by the legislature to be "compensation." Doubtless it would be so held if clause (d) was the only one to be considered; but what is said above, and the sections hereinafter referred to, alike negative the inference sought to be drawn therefrom.

Clause (e) is as follows: "(e) During the first fourteen days after disability begins the employer shall furnish reasonable surgical, medical and hospital services, medicines and supplies, as and when needed, unless the

employee refuses to allow them to be furnished by the employer. The cost of such services, medicines and supplies shall not exceed twenty-five dollars, unless a major surgical operation shall be necessary, in which case the cost shall not exceed seventy-five dollars. If the employer shall, upon application made to him, refuse to furnish such services, medicines, and supplies, the employee may procure the same, and shall receive from the employer the reasonable cost thereof within the above limitations. If the employee shall refuse reasonable surgical, medical and hospital services, medicines and supplies, tendered to him by his employer, he shall forfeit all right to compensation for any injury or any increase in his incapacity shown to have resulted from such refusal." It will be noticed the word "compensation" is used only in the last sentence, where it refers to the amounts to be paid to the employee, and not to the sum to be paid for "reasonable surgical, medical and hospital services, medicines and supplies," which are always denominated "cost"; thereby showing the legislative distinction between the two classes of payments. Under no circumstances, in disability cases, is "compensation" payable during the first fourteen days, whether or not such "cost" is incurred.

Moreover, it is said in section 308: "Except as hereinafter provided, all compensation payable under this article shall be payable in periodical installments, as the wages of the employee were payable before the accident"; and in section 316, which is the section immediately succeeding the one setting forth the limitation of one year, and is the "hereinafter provided" of section 308, it is said: "The compensation contemplated by this article may at any time be commuted by the Board," etc. It is clear the "compensation" specified in those sections does not refer to the payments for "reasonable surgical, medical and hospital services, medicines and supplies," under section 306, clause (e), but only to those to be made to the injured employee, or in case of his death to

his widow, children or dependents, and hence, as they include "all compensation payable under this article," or "contemplated by this article," they necessarily determine what the legislature meant by the use of that word in said article, and prevent the inference sought to be drawn from section 306, clause (d) thereof.

It follows that appellant's petition was filed too late, and hence,

The order of the court below is affirmed.