in that the distribution reduced that portion of its capital accounts which was carried in surplus, but it did not change the capital stock proper or make any change in the structure of the corporation. It was but natural under the circumstances that the corporation should indicate that the surplus portion of the general capital accounts would be reduced.

Considering the relative rights of the life tenant and remainderman, we find that the reserves in the depletion account were for the benefit of the life tenant when the dividends were paid. They therefore now belong to the life tenant. The mere fact that the company was in funds by reason of the sale of the Wyoming County lands does not alter the situation, for those funds have not yet been tapped. This is the same situation that existed in *Knox's Estate,* supra. There the corporation sold part of its mining stock and there were funds in a depletion account available for distribution. We held that the dividends were to be treated as coming from undistributed earnings. Since the corporation was a "wasting asset" corporation, there was no illegal or improper reduction in the capital accounts.

Decree affirmed at the costs of the appellant.

Staller *v.* Staller et al., Appellants.

Argued May 26, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*S. H. Torchia,* with him *Ralph H. Behney, M. Louise Rutherford,* Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellants.

*John B. Martin, Joseph Head, Jr.,* and *Duane, Morris & Heckscher,* for appellee, were not heard.

PER CURIAM, June 30, 1941:
Affirmed on the opinion of the Superior Court.

## McIntyre's Appeal.

