605 A.2d 463

**BERWICK INDUSTRIES, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL
BOARD (SPAID), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 3, 1992.

Decided March 11, 1992.

Frank L. Tamulonis, Jr., for petitioner.

William R. Keller, for respondent.

Before DOYLE and SMITH, JJ., and BLATT, Senior Judge.

DOYLE, Judge.

This is an appeal by Berwick Industries (Employer) from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision denying the

claim petition of Coralee A. Spaid (Claimant) on the basis that it was time barred by Section 315 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 602, but granting her request for medical expenses made pursuant to Section 306(f) of the Act, 77 P.S. § 531.[1]

The relevant facts are not in dispute. The referee found that Claimant had sustained a work-related injury to her right foot on October 10, 1984. She filed her claim petition on November 6, 1987. The referee denied her claim petition after finding that it was time barred under the three year statute of repose found in Section 315. He concluded, however, that she had demonstrated that her *medical expenses* were reasonable, necessary, caused by her work injury, and not barred by the time limitation in Section 315. Thus, he granted them. Employer appealed to the Board which affirmed. Employer then appealed to this Court. Claimant has not filed a cross appeal and hence the propriety of the denial of the claim petition is not before us. On appeal the singular issue presented is whether the three year statute of repose in Section 315 can operate to bar medical expenses.

Section 315 pertinently provides:

In cases of personal injury all claims for *compensation* shall be forever barred, unless, within three years after the injury, the parties shall have agreed upon the compensation payable under this article; or unless within three years after the injury, one of the parties shall have filed a petition as provided in article four hereof [pertaining to the procedure for filing various types of petitions with the referee]. (Emphasis added.)

The relevant inquiry here is whether "compensation" as that term is used in Section 315 includes medical expenses.

1. This Section pertinently provides:
    The employer shall provide payment for reasonable surgical and medical services, services rendered by duly licensed practitioners of the healing arts, medicines, and supplies, as and when needed....

We begin our analysis by noting that the term "compensation" is not defined in the Act and that the courts in interpreting its meaning in various sections of the Act have proceeded on a "section-by-section basis." *Fuhrman v. Workmen's Compensation Appeal Board (Clemens Supermarket)*, 100 Pa.Commonwealth Ct. 577, 581, 515 A.2d 331, 332 (1986). In *Fuhrman* the issue was whether the time limitation in Section 434 of the Act, 77 P.S. § 1001, operated to bar the claimant from recovering medical expenses more than three years after he had signed a final receipt. Section 434 provides:

> A final receipt, given by an employe or dependent entitled to compensation under a compensation agreement notice or award, shall be prima facie evidence of the termination of the employer's liability to pay *compensation* under such agreement notice or award: Provided, however, That a referee designated by the department may, at any time within three years from the date to which payments have been made, set aside a final receipt, upon petition filed with the department, or on the department's own motion, if it be shown that all disability due to the injury in fact had not terminated. (Emphasis added.)

This Court, in analyzing whether the term "compensation" in Section 434 included medical expenses, began by examining the legislative history of Section 306(f), which creates the substantive right to medical expenses that Claimant here seeks to assert. We noted in *Fuhrman* that this Section underwent numerous legislative changes from its inception in 1915 until 1937 which changes lengthened the period of time during which an employer was obliged to pay for the medical expenses of an employee who was "disabled" due to the injury. A 1937 amendment further enhanced worker's rights by changing the word "disability" to "injury," thus creating an inference that "medical expenses might be reimbursable even where a work-related injury did not disable an employee from working." *Id.*, 100 Pa.Commonwealth Ct. at 581–82, 515 A.2d at 333.

There followed a brief period where the time for which the employer was obliged to pay medical expenses was shortened, and the word injury was again changed to disability. *Id.,* 100 Pa.Commonwealth Ct. at 582, 515 A.2d at 333. Subsequent to 1939, however, with the time period again lengthened and the language "[t]he provisions of this section shall apply in injuries where no loss of earning power occurs" added, a liberal view again prevailed. *Id.*

Thereafter, a 1956 amendment allowed the employee to petition for "further" medical expenses beyond the then six-month period if it could be demonstrated that such further expenses would result in the employee's earning power being restored to a substantial degree. *Id.,* 100 Pa.Commonwealth Ct. at 583, 515 A.2d at 333. This required our Court to conclude in *Chabotar v. S. Klein Department Store,* 26 Pa.Commonwealth Ct. 572, 364 A.2d 970 (1976), that petitions for medical expenses could be barred by the time limitations set forth in Section 434 (petitions to set aside final receipts) and Section 413 (petitions for reinstatement). We reasoned in *Chabotar* that to conclude otherwise would mean that a claimant could petition for further medical expenses years after compensation had been terminated, an unreasonable result in light of the 1956 amendment that further medical expenses could be obtained only where it is shown that such expenses will result in the restoration of the employee's earning power to a substantial degree.

In *Fuhrman,* however, we declined to perpetuate the *Chabotar* interpretation because, in 1972, amendments to Section 306(f) had (1) removed entirely the time limitation in that Section; (2) removed the qualification, so relevant to *Chabotar,* that further medical benefits could be obtained only by showing that they would aid in restoring the employee's earning power; and (3) added statutory language which presupposed the payment of medical expenses subsequent to the expiration of a statute of limitations, thus separating the concept of "medical services" from that of

"compensation." *Fuhrman,* 100 Pa.Commonwealth Ct. at 585, 515 A.2d at 334.

Employer argues that *Fuhrman* should not control in the present case because that case concerned a final receipt and it was clear that the claimant had, at one point, been receiving compensation pursuant to a notice of compensation payable. While it is true that *Fuhrman* did involve a situation where compensation had been paid initially, we do not believe that that fact should compel a different result here. Equally relevant in *both* cases is the ongoing legislative liberalization of Section 306(f) found by examining its legislative history. In 1956 the time for filing a claim petition was increased from one year to sixteen months.[2] In February 1972 the time period was again increased, this time to two years and, in addition, the discovery rule was adopted for cases involving ionizing radiation.[3] Only a few weeks later the requirement that an employee suffer an "accident" was changed to the requirement that he suffer merely an "injury."[4] This too was viewed as a liberal change. *See generally, Krawchuk v. Philadelphia Electric Co.,* 497 Pa. 115, 439 A.2d 627 (1981). Then, in October of that same year, the definition of injury was expanded to include occupational diseases.[5] Finally, in December 1974, the current three year time limitation was established.[6] We believe that these statutory changes, in both Section 306(f) and Section 315, evidence a continuing indication that the legislature wishes to broaden a claimant's ability to obtain medical expenses for a work-related injury. We therefore hold that the time bar in Section 315 does not apply to medical expenses. Consequently, we conclude that the referee properly awarded medical expenses despite denying the claim petition for other benefits on the basis of untimeli-

2. Act of February 28, 1956, P.L. (1955) 1120.
3. Act of February 8, 1972, P.L. 25.
4. Act of March 29, 1972, P.L. 159.
5. Act of October 17, 1972, P.L. 930.
6. Act of December 5, 1974, P.L. 782.

ness.[7]

Affirmed.

Judge SMITH dissents.

## ORDER

NOW, March 11, 1992, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

---

**7.** This holding is in full accord with previous decisions which have held that payments to a claimant for medical expenses, or an employer's providing medical treatment, do not toll the time limitations in either Section 315 or Section 434 because such payments, or treatment, are not "compensation" within the meaning of those Sections of the Act. *See, e.g., Artman v. Workmen's Compensation Appeal Board (St. Paul's Home for the Aging),* 107 Pa.Commonwealth Ct. 341, 528 A.2d 684 (1987), and the cases cited therein.