643 A.2d 1066

**BERWICK INDUSTRIES, Appellant,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (Coralee A. SPAID), Appellees.**

Supreme Court of Pennsylvania.

Argued Oct. 18, 1993.

Decided May 24, 1994.

Frank L. Tamulonis, Jr., Pottsville, for Berwick Industries.

William Keller, Philadelphia, for C.A. Spaid.

Norman Haigh, Secretary, for W.C.A.B.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

*OPINION OF THE COURT*

CAPPY, Justice.

The sole issue presented in this appeal is whether the three-year statute of repose at Section 315 of the Workmen's Compensation Act, 77 P.S. § 602, may operate to bar a claim for medical expenses. We hold that such a claim may indeed be barred by Section 315 and, accordingly, reverse the decision of the Commonwealth Court.

The parties agree on the relevant facts. On November 6, 1987, Claimant Coralee A. Spaid filed a claim petition under the Workmen's Compensation Act [1] seeking compensation for a foot injury allegedly sustained during her employment as a stock clerk with Appellant-employer. Following several hearings, the referee found that Claimant suffered from sinus tarsi syndrome of the right foot due to a work-related injury that occurred on October 10, 1984. The referee concluded that her claim for "weekly compensation benefits" was barred by the three-year limitation set forth in Section 315 of the Act, and that this period of limitation had not been tolled by her receipt

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 1 *et seq.*

of non-work-related disability payments from April 21, 1987 to June 21, 1987.[2] However, the referee went on to conclude that Section 315 did not preclude her claim for medical expenses. The referee therefore denied the claim for "compensation benefits" but ordered Appellant to "compensate the claimant, or her medical provider where appropriate, for her causally related, reasonable and necessary medical expenses." (Order of Workmen's Compensation Referee, dated April 21, 1989.)

The Workmen's Compensation Appeal Board and a panel of the Commonwealth Court both affirmed. *Berwick Industries v. Workmen's Compensation Appeal Board (Spaid)*, 146 Pa. Commw.Ct. 288, 605 A.2d 463 (1992). This Court then granted allocatur to consider Appellant's argument that the claim for medical expenses was barred by Section 315. Following our grant of allocatur, the Commonwealth Court, sitting *en banc* in another case, overruled the panel decision in this case and held that a claim for medical expenses filed more than three years after the work-related injury occurred is barred under Section 315. *Bellefonte Area School District v. Workmen's Compensation Appeal Board (Morgan)*, 156 Pa. Commw.Ct. 304, 627 A.2d 250 (1993).

Section 315 provides, in pertinent part:

**§ 602. Claims for compensation; when barred; exception**

In cases of personal injury all claims for *compensation* shall be forever barred, unless, within three years after the injury, the parties shall have agreed upon the compensation

2. Claimant received these payments under a plan provided by Appellant to which both employer and employee contributed. The referee found that Claimant indicated on her application form for these payments that her disability was not work-related. The referee further found that at no time during the period these payments were being made did Claimant represent to Appellant that her disability was work-related, nor did Appellant represent that the payments were being made in lieu of compensation. Rather, the claim for workmen's compensation benefits was made after Claimant had received the payments. The referee concluded that the Claimant's receipt of non-work-related disability benefits did not toll the limitations period, citing *Roberts v. Workmen's Compensation Appeal Board*, 104 Pa.Commw.Ct. 114, 521 A.2d 100, *allocatur denied*, 516 Pa. 620, 531 A.2d 1121 (1987).

payable under this article [Article III]; or unless within three years after the injury, one of the parties shall have filed a petition as provided in article four hereof.

77 P.S. § 602 (emphasis added). This Court has explained that "[f]ailure to file a claim within the statutorily prescribed period extinguishes the right, as well as the remedy, under the Workmen's Compensation Act." *Taglianetti by Taglianetti v. Workmen's Compensation Appeal Board (Hospital of the University of Pennsylvania)*, 503 Pa. 270, 273, 469 A.2d 548, 549 (1983).[3] Therefore, a claim for "compensation" is completely barred unless all of the requirements of section 315 are met. The parties concede that no agreement upon the compensation payable under Article III was reached and no petition under Article IV was filed within three years after the injury; thus, the controlling question is whether medical expenses are included in the term "compensation."

As the Commonwealth Court has noted, the Act does not define "compensation." What that term encompasses has, therefore, been decided on a section-by-section basis. *See, e.g., Insurance Company of North America v. Workmen's Compensation Appeal Board (Kline and Packard Press)*, 137 Pa.Commw.Ct. 393, 586 A.2d 500 (1991) ("compensation" under section 443 of the Act, 77 P.S. § 999, includes medical expenses), *affirmed*, 533 Pa. 112, 619 A.2d 1356 (1993) (per curiam); *Fuhrman v. Workmen's Compensation Appeal Board (Clemens Supermarket)*, 100 Pa.Commw.Ct. 577, 515 A.2d 331 (1986) ("compensation" under section 434 of the Act, 77 P.S. § 1001, does not include medical expenses), *appeal dismissed as having been improvidently granted*, 518 Pa. 59, 540 A.2d 267 (1988); *Glinka v. Workmen's Compensation Appeal Board (Sears, Roebuck and Company)*, 75 Pa. Commw.Ct. 504, 462 A.2d 909, 914 (1983) ("compensation" under section 406.1 of the Act, 77 P.S. § 717.1, includes medical expenses).

3. Thus, as noted by the Commonwealth Court, Section 315 is properly termed a "statute of repose." *Berwick*, 146 Pa.Commw.Ct. at 289, 605 A.2d 463; *Bellefonte*, 156 Pa.Commw.Ct. at 308, 627 A.2d at 252.

The Commonwealth Court panel in the case *sub judice* held that "compensation" as used in Section 315 does not include medical expenses. The panel reached this result by relying in part on *Fuhrman, supra,* wherein the Commonwealth Court engaged in a detailed review of the legislative history of section 306(f) of the Act, 77 P.S. § 531, which creates the substantive right to medical expenses. The *Fuhrman* court determined that the series of amendments to that section evidenced the legislature's intent to "liberalize" a claimant's entitlement to medical expenses, and held that the three-year statute of limitations on setting aside a final receipt under section 434, 77 P.S. § 1001, did not apply to a claim for further medical expenses. *See Fuhrman,* 100 Pa.Commw.Ct. at 581–585, 515 A.2d at 333–335; *Berwick,* 146 Pa.Commw.Ct. at 290–292, 605 A.2d at 464–465. In addition to relying on the *Fuhrman* analysis of section 306(f), the panel below noted that section 315 itself has undergone "liberalization" through a series of amendments, with the gradual extension of the limitations period from one to three years, the adoption of a discovery rule for cases involving ionizing radiation, and the replacement of the requirement that an employee suffer an "accident" with the requirement that an employee merely suffer an "injury." *Berwick,* 146 Pa.Commw.Ct. at 292, 605 A.2d at 465. The panel concluded:

> We believe that these statutory changes, in both Section 306(f) and Section 315, evidence a continuing indication that the legislature wishes to broaden a claimant's ability to obtain medical expenses for a work-related injury. We therefore hold that the time bar in Section 315 does not apply to medical expenses.

*Id.,* 292, 605 A.2d at 465.

The *en banc* court in *Bellefonte* rejected this reasoning. The court initially noted that *Fuhrman* was a case under section 434 and therefore did not control the issue under section 315. Reading section 315 in conjunction with section 306, which establishes "schedules of compensation" for wage loss and medical payments resulting from total and partial disability and specific loss, the court determined that the

legislature intended "compensation" as used in section 315 to include the medical payments listed in the schedule of compensation at section 306(f)(1), 77 P.S. § 531(1). The court further noted that the view of the *Berwick* panel was contrary to the statutory scheme under the Act, "which does not allow a claimant to keep an employer in limbo forever." 156 Pa. Commw.Ct. at 311, 627 A.2d at 254.

We agree with the reasoning employed and the result reached by the *en banc* court in *Bellefonte*. First, we agree that *Fuhrman* is distinguishable from and does not control the case *sub judice*. *Fuhrman* was a case under section 434 of the Act, 77 P.S. § 1001, which contains a three-year statute of limitations on the employer's liability where the claimant has signed a final receipt.[4] In that case, the employer's liability had been established within the statutory period following the claimant's injury. More than three years after executing a final receipt, the claimant filed a claim petition for further medical expenses, which was treated as a petition to set aside the final receipt. The Commonwealth Court held that the three-year limitation in section 434 did not apply to the claim for further medical expenses, because it interpreted "liberalizing" amendments to the Act to contemplate that a claimant could recover medical expenses even if he no longer was suffering a loss in earning power.

A key difference exists between *Fuhrman* and the case *sub judice*. The section of the Act involved in *Fuhrman* does not come into play until the employer's liability has been established. In this case, on the other hand, the employer's liability for the injury was not established within the statutory period.

4. Section 434 provides:

A final receipt, given by an employe or dependent entitled to compensation under a compensation agreement notice or award, shall be prima facie evidence of the termination of the employer's liability to pay compensation under such agreement notice or award: Provided, however, That a referee designated by the department may, at any time within three years from the date to which payments have been made, set aside a final receipt, upon petition filed with the department, or on the department's own motion, if it be shown that all disability due to the injury in fact had not been terminated.

77 P.S. § 1001.

As we have noted, section 315 is a statute of repose, which completely extinguishes a substantive right where the claimant has failed to file an action to enforce that right within the prescribed period. *Taglianetti, supra,* 503 Pa. at 273, 469 A.2d at 549. In addition, it is not insignificant that the section interpreted in *Fuhrman* is contained in Article IV of the Act, whereas section 315 is contained in Article III.

This Court has explained that "[a] cardinal rule of statutory construction is that we must give terms in a statute the meaning dictated by the context in which they are used." *Philadelphia Housing Authority v. Commonwealth, Pennsylvania Labor Relations Board,* 508 Pa. 576, 586, 499 A.2d 294, 299 (1985). *See also Consulting Engineers Council of Pennsylvania v. State Architects Licensure Board,* 522 Pa. 204, 560 A.2d 1375, 1377 (1989). Unless section 315, when read in context, is found to be ambiguous or unclear, we will not resort to extrinsic construction aids such as legislative history to interpret its meaning. *See generally Philadelphia Housing Authority,* 508 Pa. at 581–586, 499 A.2d at 297–299. Reading section 315 in the context in which it appears, we find no ambiguity requiring resort to a review of the legislative history.

First, we note that section 301(a) of the Act, 77 P.S. § 431, is the provision that establishes the employer's liability for "compensation." That section provides, in part:

> Every employer shall be liable for *compensation* for personal injury to, or for the death of each employe, by an injury in the course of his employment, and *such compensation shall be paid in all cases by the employer,* without regard to negligence, *according to the schedule contained in sections three hundred and six and three hundred and seven of this article* [Article III][.]

77 P.S. § 431 (emphasis added). The schedule of compensation to which section 301(a) refers includes the specific schedule found in section 306(f), which governs "reasonable surgical and medical services." 77 P.S. § 531(1). The section establishing the employer's liability therefore includes medical expenses as an item of compensation for which the employer is

liable. It is only logical to interpret section 315, the section *extinguishing* the employer's liability, as being parallel to the section *establishing* the employer's liability, and therefore also to include medical expenses as an item of "compensation." This conclusion is supported by the fact that the sections are contained in the same article of the Act and are both found in Chapter 5, "Liability and Compensation." *See* 1 Pa.C.S. § 1924 (headings prefixed to articles, chapters, etc. of a statute may aid in construction) and § 1932 (statutes or parts of statutes in pari materia are to be construed together). As the *Bellefonte* court pointed out, "If the legislature intended to exclude medical benefits from 'compensation' in section 315, it would have expressly stated so." 156 Pa.Commw.Ct. at 311, 627 A.2d at 254.

We recognize that this Court in a 1919 decision held that medical expenses are *not* included in the term "compensation" for purposes of the tolling provision of section 315. *Paolis v. Tower Hill Connellsville Coke Co.*, 265 Pa. 291, 108 A. 638 (1919). Thus, as Judge Doyle noted in his dissent in *Bellefonte*, the decision reached herein would seem to have "the curious result of ... forc[ing] two different definitions of the same term in the same section of the Act." 156 Pa. Commw.Ct. at 316, 627 A.2d at 256 (Doyle, J., dissenting). Such a result would indeed be undesirable. However, while the rule established in *Paolis* (that payments of medical expenses do not toll the running of the statute of limitations) has been followed in more contemporary cases of the Superior and Commonwealth Courts, we find that the reasoning of *Paolis* does not retain its original persuasiveness.

In a 1941 decision, this Court expressly limited the holding of *Paolis* to "the particular facts of that case." *Staller v. Staller*, 343 Pa. 86, 21 A.2d 16, 17 (1941) (adopting the opinion of the Superior Court). More importantly, however, the *Staller* court went on essentially to repudiate the reasoning of *Paolis:* Even after considering the same statutory arguments considered in *Paolis, compare Paolis*, 265 Pa. at 293–295, 108 A. at 638–639, *with Staller*, 343 Pa. 86, 21 A.2d at 17–18, the *Staller* court reached the opposite conclusion, holding that

"compensation" *did* include medical expenses.[5]   Finally, the precise wording of section 306(e) (now 306(f)) that was so crucial to the holding in *Paolis* has not been retained in subsequent amendments, a fact that casts further doubt on the continuing validity of *Paolis*.   *Compare* statutory language quoted at *Paolis*, 265 Pa. at 293–294, 108 A. at 638, *with* 77 P.S. § 531.[6]

We find the result reached herein to be the more reasonable and textually persuasive interpretation of the relevant provisions of the Act.   Moreover, we believe it would be absurd to adopt an interpretation of section 315 that would place absolutely no time limitation on an employer's liability for medical expenses.   While we do not wish to minimize the salutary purposes of the Act, this Court also has explained that statutes of limitation and repose

5. The precise issue in *Staller* was whether medical expenses were included in the "compensation" due a claimant under the Occupational Disease Compensation Act of July 2, 1937, which defined that term solely by reference to the schedule provided in the Workmen's Compensation Act.   Thus, while the precise issue in *Staller* differed from both the issue in *Paolis* and the issue in the case *sub judice*, the resolution of *Staller* turned upon the same sections of the Workmen's Compensation Act relevant to *Paolis* and this case.   The reasoning of *Staller* therefore applies equally to our consideration of this case.

6. While our interpretation of the statute of repose may seem strict in the sense that it places a limit on the time in which an employee must pursue a claim for medical expenses, we must point out that the flip side of our interpretation, which was reached in *Paolis*, resulted in a rule that is perhaps more harsh.   Under the *Paolis* rule, an employer's payment of medical expenses does not toll the running of the limitations period as would its payment of other "compensation."   *See* 77 P.S. § 602.   The rule therefore would allow an employee to be lulled into a false sense of security while receiving payments of medical expenses, without providing the employee with the "window" of the tolling provision, thus taking away his claim for other compensation if not filed within three years after the injury.   On the other hand, we do recognize that the *Paolis* rule has been praised as being "a sound rule with beneficial results."   *Dennis v. E.J. Lavino & Co.*, 203 Pa.Super. 357, 201 A.2d 276, 279 (1964).   The *Dennis* court believed that *Paolis* encouraged employers to voluntarily pay employees' medical expenses because they would not be penalized by the tolling of the limitations period for doing so.   While such considerations are not insignificant, they cannot overcome the plain reading of the statute, which requires the opposite result.

"are vital to the welfare of society and are favored in the law. They are found and approved in all systems of enlightened jurisprudence. They promote repose by giving security and stability to human affairs. An important public policy lies at their foundation."

*Schmucker v. Naugle,* 426 Pa. 203, 205–206, 231 A.2d 121, 123 (1967) (quoting *United States v. Oregon Lumber Co.,* 260 U.S. 290, 299–300, 43 S.Ct. 100, 102–103, 67 L.Ed. 261 (1922)). An interpretation removing claims for medical expenses from the time limitations of section 315 would be particularly unsound where the legislature could easily have stated that such was its intent, but has failed to do so.

Accordingly, we hold that the statute of repose at section 315 of the Workmen's Compensation Act, 77 P.S. § 602, may bar a claim for medical expenses, and reverse the order of the Commonwealth Court.

LARSEN, J., did not participate in the decision of this case.

PAPADAKOS, J., joins this opinion and files a concurring opinion.

MONTEMURO, Senior Justice, was an appointed Justice of the Court at the time of argument.*

PAPADAKOS, Justice, concurring.

I join the majority opinion because it is just common sense that you cannot claim medical expenses for an injury you cannot prove ever existed. As the majority points out, the legislature has not created a separate time frame in which to claim medical expenses separate and apart from all other losses that may arise from work-related injuries.

---

* Mr. Justice Montemuro is sitting by designation as Senior Justice pursuant to Judicial Assignment Docket No. 94R1800, due to the unavailability of Mr. Justice Larsen, see No. 127 Judicial Administration Docket No. 1, filed October 28, 1993.