**Raymond GOLLEY, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (AAA MID–ATLANTIC, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 12, 1999.

Decided March 13, 2000.

Peter J. McNamara, Philadelphia, for petitioner.

Sandra R. Craig, Philadelphia, for respondent.

Before DOYLE, President Judge, and COLINS, J., and LEADBETTER, J.

LEADBETTER, J.

Raymond Golley appeals from the order of the Workers' Compensation Appeal Board (Board), which reversed the decision of the Workers' Compensation Judge (WCJ) to award Golley disability benefits pursuant to the Workers' Compensation Act[1] and dismissed Golley's claim petition as untimely. Golley contends that, while he filed his petition more than three years after the date on which he sustained the work-related injury, the three year statute of limitations under Section 315 was tolled.[2]

Golley sustained neck and back injuries in a work-related motor vehicle accident on February 26, 1991. At the time, he had been employed at AAA Mid–Atlantic for thirty-one years. After the accident, Golley continued to work for AAA without any loss of earnings while he pursued medical care and physical therapy for steadily increasing back pain. Golley quit work on May 20, 1994 to enter an intensive therapy/work-hardening program but he has never returned to the workplace. He underwent surgery for his back in December of 1994 and for his neck in June of 1995. Until November 4, 1994, employer paid all of Golley's accident-related medical expenses; however, on that date employer issued a notice of compensation denial. On November 16, 1994, Golley filed a claim petition. The WCJ, after hearing conflicting expert testimony regarding the extent of injury suffered in the car accident and the cause of Golley's inability to work, found that Golley was totally disabled as a result of the 1991 car accident. The WCJ rejected employer's contention that the claim was time barred under Section 315 of the Act on the ground that the statute was tolled because Golley had formed a "reasonable belief that his employer had filed a Claim Petition in his behalf." *Golley v. AAA Mid–Atlantic, Inc,* WCJ slip op. at F.O.F. 20 (filed July 20, 1998). In his decision, the WCJ stated that Golley "was led to believe that his employer and Kemper [employer's workers' compensa-

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4; 2501–2626.

2. Section 315 provides, in pertinent part:
   In cases of personal injury all claims for compensation shall be forever barred, unless, within three years after the injury, the parties shall have agreed upon the compensation payable under this article [Article III]; or unless within three years after the injury, one of the parties shall have filed a petition as provided in article four hereof. . . .
   Where, however, payments of compensation have been made in any case, said limitations shall not take effect until the expiration of three years from the time of the making of the most recent payment prior to date of filing such petition: Provided, That any payment made under an established plan or policy of insurance for the payment of benefits on account of non-occupational illness or injury and which payment is identified as not being workmen's compensation shall not be considered to be payment in lieu of workmen's compensation and such payment shall not toll the running of the Statute of Limitations.
   Section 315 of the Act, *as amended,* P.L. 782, No. 263, 77 P.S. § 602.

tion insurer] had accepted his injury as work-related as demonstrated by their paying of his medical bills through their Workers' Compensation carrier and their representations to Claimant that everything was fine." *Id.* at F.O.F. 27. The WCJ granted Golley's claim petition.

Employer appealed to the Board contesting the sufficiency of the evidence to support the WCJ's findings as to whether employer's actions had tolled the time bar at Section 315.[3] The Board reversed the WCJ's decision on the ground that the voluntary payment of medical expenses by an employer prior to the filing of a claim petition and in the absence of an agreement, is not compensation for the purposes of tolling the statute of limitations. The Board further concluded that the record contains no evidence that Golley was led to believe, beyond the payment of medical expenses, that employer had accepted his claim. *Golley v. AAA Mid–Atlantic, Inc.,* Board slip op. at p. 8 (filed July 20, 1999). Golley filed the instant appeal in which he argues that the three-year period in which claims must be filed under Section 315 was tolled during the time employer paid his medical bills.[4]

Section 315 of the Act is a statute of repose that completely extinguishes a claimant's rights under the Act unless, within three years of the date of injury, the parties agree on the compensation payable or a claim petition is filed. *Armco, Inc. v. Workmen's Compensation Appeal Bd. (Mattern),* 542 Pa. 364, 375, 667 A.2d 710, 715 (1995). In order to assert a viable claim, Golley must satisfy one of the requirements of Section 315 (that within three years of the accident he agreed as to compensation or filed a claim) or he must establish that the statute was tolled. To toll the application of Section 315, Golley must prove one of two things. He must prove, by a preponderance of evidence, that his claim fits within an exception to Section 315, *Sharon Steel Corp. v. Workmen's Compensation Appeal Board (Myers),* 670 A.2d 1194 (Pa.Cmwlth.), *alloc. denied,* 544 Pa. 679, 678 A.2d 368 (1996), or he must prove, by clear and convincing evidence, that the actions of the employer or its insurance carrier lulled him into a false sense of security regarding the filing of the claim, *Zafran v. Workers' Compensation Appeal Board (Empire Kosher Poultry, Inc.),* 713 A.2d 698, 700 (Pa. Cmwlth.1998). In the instant case, there is no question that Golley filed his petition more than three years after he sustained the work-related injury. There is also no dispute that from the date of the accident on February 26, 1991 through November 4, 1994, a period of over three years, employer paid all of the medical expenses incurred by Golley as a result of the accident. After review of the record we conclude that the evidence is not sufficient to establish that employer did anything to lull Golley into a belief that a claim had been filed on his behalf. Employer just paid the medical bills. The crux of the problem then is whether the payment of medical expenses constituted payment of compensation, which tolled the running of the limitations period.

Historically it was long accepted that the payment of an employee's medical expenses did not constitute payment of com-

**3.** In its appeal to the Board, employer raised only the time bar issue and did not contest the WCJ's finding that Golley is totally disabled as a result of the 1991 accident.

Golley filed a cross-appeal to the Board challenging the WCJ's conclusion that employer's contest was reasonable. Golley has not renewed this challenge in the instant appeal. Therefore, it is waived.

**4.** Golley also argues that employer should be estopped from asserting the time bar due to

failure to issue a notice of compensation denial until more than three years after the accident and behavior that lulled Golley into a reasonable belief that his claim had been accepted. Finally, Golley asserts that the Board erred in failing to remand for additional testimony regarding the tolling of the limitations period. In light of our analysis, we need not address Golley's contentions regarding estoppel or the need for additional evidence.

pensation so as to toll the limitation period in which a claimant must petition for benefits under the Act. *Paolis v. Tower Hill Connellsville Coke Co.*, 265 Pa. 291, 108 A. 638 (1919). *But cf. Staller v. Staller*, 343 Pa. 86, 21 A.2d 16 (1941). However, this principle was indirectly undermined in *Bellefonte Area School District v. Workmen's Compensation Appeal Board (Morgan)*, 156 Pa.Cmwlth. 304, 627 A.2d 250 (1993), *affirmed*, 545 Pa. 70, 680 A.2d 823 (1994), where an *en banc* panel of our court held that the term compensation as used in Section 315 includes medical expenses and, therefore, an untimely claim for such expenses will be extinguished. Subsequently, in *Berwick Industries v. Workmen's Compensation Appeal Board (Spaid)*, 537 Pa. 326, 643 A.2d 1066 (1994), our Supreme Court agreed with the reasoning and the result in *Bellefonte*. *Berwick*, 537 Pa. at 331, 643 A.2d at 1068. On that basis, the Court held that the statute of repose at Section 315 of the Act may bar a claim for medical expenses. *Berwick*, 537 Pa. at 335, 643 A.2d at 1070. In dicta, the *Berwick* Court recognized the logical corollary arising from its holding, i.e., that an employer's payment of medical expenses for a work-related injury will toll the running of the limitations period as would its payment of other compensation.[5] *Id.* at 334, n. 6, 643 A.2d at 1070, n. 6. This ineluctable corollary was most recently applied by our court in *Schreffler v. Workers' Compensation Appeal Board (Kocher Coal Co.)*, 745 A.2d 697 (Pa.Cmwlth.2000) and it is the rule applicable to the instant case.

■■■ "It is important to note, however, that a claimant's mere establishment of the receipt of payments is not enough; rather the important determination is what the payments were for." *Schreffler*, 745 A.2d

at 700, citing *NUS Corp. v. Workmen's Compensation Appeal Bd. (Garrison)*, 119 Pa.Cmwlth. 385, 547 A.2d 806 (1988). Initially, the burden is Golley's to produce substantial evidence establishing that employer paid the medical expenses with the intent that these payments satisfy its obligations under the Act. *NUS Corp.*, 547 A.2d at 809. Thereafter, it becomes employer's burden to come forward with some evidence demonstrating that the payments were for a non-work related injury or were identified as not workers' compensation. *Schreffler*, 745 A.2d at 700. "If there is no evidence presented that the payments are *not* for a work-related injury, then they are deemed to be payments 'in lieu of compensation'." *Id.* at 700 (emphasis in original).

■■ In testimony, which the WCJ credited, Mary Ellen Dunn, employer's Director of Compensation and Benefits, agreed that employer submitted Golley's medical expenses to American Manufacturers Insurance Co. (Kemper), the workers' compensation insurer, because Golley had sustained "a workers' compensation injury." RR 85a. In addition, shortly after the cessation of medical expense payments, Dunn authored a letter to Kemper, dated December 27, 1994, chastising the insurer for its poor handling of Golley's case, which Dunn clearly considered to be a workers' compensation case arising from Golley's accident on February 26, 1991. RR 243a. This evidence is sufficient to establish employer's understanding and intent that Golley's medical bills for treatment of his neck and back were paid because it considered the treatment to be for a work-related injury. Employer presented no evidence that during the three and a half years between the injury and the deni-

---

5. In *Berwick*, our Supreme Court noted that under the rule adopted from *Paolis* a harsh result ensued in the circumstances presented in the instant case, that is, where an employee, such as Golley, is injured but able to continue working. Such a claimant is lulled into a false sense of security while receiving payments of medical expenses and, therefore, fails to file a claim for disability benefits within three years of injury. *See also* David B. Torrey and Andrew E. Greenberg, *Pennsylvania Workers' Compensation: Law and Practice*, § 12.17 at p. 12–19 (1999) *citing U.S. Steel Corp. v. Workmen's Compensation Appeal Bd.*, 62 Pa.Cmwlth. 502, 437 A.2d 92 (1981).

al of Golley's claim, it notified Golley that the payments were not for his work-related injury or identified the payments as specifically not workers' compensation so as to render the payments not compensation under Section 315. Payment of Golley's medical expenses constituted compensation under Section 315, which tolled the statute of limitations. The statutory limitation period began to run on the day of the last payment, November 4, 1994. Consequently, Golley's petition filed November 16, 1994 is not time barred. The Board's contrary determination is error.

Accordingly, the decision of the Board is reversed.

## *ORDER*

AND NOW, this 13th day of March, 2000, the order of the Workers' Compensation Appeal Board in the above captioned matter is hereby reversed.