**Michael G. LEVINE, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (NEWELL CORPORATION and Travelers Insurance Co.), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 3, 1999.

Decided Oct. 19, 2000.

Susan Paczak, Pittsburgh, for petitioner.

Michael Relich, Pittsburgh, for respondent.

BEFORE: DOYLE, President Judge, COLINS, Judge, LEADBETTER, Judge.

DOYLE, President Judge.

Michael G. Levine (Claimant) seeks review of an order of the Workers' Compensation Appeal Board (Board), affirming the order of a Workers' Compensation Judge (WCJ) denying Petitioner's claim petition as time barred under Section 315 of the Workers' Compensation Act (Act)[1] and applicable case law. We reverse and remand.

Claimant argues, on appeal, that the WCJ erred, as a matter of law, by failing to find that the statute of limitations set forth in Section 315 of the Act was tolled by the periodic payment of his medical expenses by Newell Corporation (Employer, Newell Corporation, and Travelers Insurance Co. collectively, "Respondents"), and by failing to find that the claim petition was filed within three years of the last payment of his medical bills.

Claimant was injured while traveling in the course of his employment on February 11, 1988, when his car was rear-ended by another vehicle. He was thrown forward on impact, hitting his face on the steering wheel. He suffered headaches, jaw and facial pain, myalgia, and burning and numbness of the facial region due to the accident. However, he never filed a workers' compensation claim because Respondents paid all of his medical bills. In May of 1995, however, Respondent Travelers sent Claimant a letter informing him that, because he never filed a claim petition to toll the statute of limitations, his medical benefits would be terminated.

On June 24, 1997, Claimant filed Claim Petition No. 080–34–5676 seeking workers' compensation benefits. Respondents filed a timely response, raising the affirmative defense of the statute of limitations contained in Section 315 of the Act,[2] and a

---

1. Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4; 2501–2626.

2. Section 315 provides, in pertinent part:

In cases of personal injury all claims for compensation shall be forever barred, unless, within three years after the injury, the parties shall have agreed upon the compensation payable under this article [Article III]; or unless within three years after the

hearing was held on September 8, 1997. At that hearing, the parties stipulated to the following essential facts: 1) no claim petition had been filed within three years of the accident and injury; 2) medical expenses had been paid by Employer within three years of the date of filing the claim petition; 3) no action, other than the payment of medical bills, on behalf of the Employer tolled the time requirements; and 4) the workers' compensation claim had not been accepted. The WCJ bifurcated the proceedings to examine, initially, whether Claimant's petition was time barred, and reached the conclusion that *Paolis v. Tower Hill Connellsville Coke Co.*, 265 Pa. 291, 108 A. 638 (1919), was the controlling case precedent, and therefore Claimant's petition was untimely filed pursuant to Section 315 of the Act.

*Paolis*, decided by the Supreme Court under a much earlier version of the Act, held that payment of medical expenses alone did *not* constitute compensation under the Act.[3] James Paolis was injured in the course of his employment and treated at a local hospital. The employer's insurance carrier paid the hospital for that treatment. Thirteen months later, but just under a year after the insurance payment to the hospital, Paolis filed his claim petition for compensation under the Act. The *Paolis* Court was called upon to decide whether payment of medical bills constituted "compensation" for the purposes of tolling the statute of limitations. It held

that they were not. In analyzing the statutory language, the Court concluded that "compensation" was to be paid in periodic installments, like wages were paid to the employee, and that the position of the term "compensation" in the statute referred only to the amounts being paid to the employee, not to the amounts that were paid for "reasonable surgical, medical and hospital services, medicines and supplies." *Paolis*, 108 A. at 639. Following the *Paolis* precedent in this case, the WCJ denied the claim.

Claimant appealed this decision to the Board, which affirmed on June 8, 1999. Both the WCJ and the Board considered the implications of *Berwick Industries v. Workmen's Compensation Appeal Board (Spaid)*, 537 Pa. 326, 643 A.2d 1066 (1994), but concluded that, because the Supreme Court failed to explicitly state that *Paolis* was overruled, they were bound to follow *Paolis*. This appeal ensued[4] and the sole issue presented is whether the payment of medical expenses tolls the statute of limitations under Section 315 of the Act.

On appeal, Claimant argues, as he did below, that Respondents' payment of his medical bills tolls the running of the limitations statute. He points out that it was not until more than seven years after the injury had occurred that he was notified by Respondents that the payment of his medical bills would cease because a claim had never been filed. Claimant maintains

---

injury, one of the parties shall have filed a petition as provided in article four hereof.... **Where, however, payments of compensation have been made in any case, said limitations shall not take effect until the expiration of three years from the time of the making of the most recent payment prior to date of filing such petition:** Provided, That any payment made under an established plan or policy of insurance for the payment of benefits on account of non-occupational illness or injury and which payment is identified as not being workmen's compensation shall not be considered to be payment in lieu of workmen's compensation, and such payment shall not toll the running of the Statute of Limitations.

Section 315 of the Act, 77 P.S. § 602.

3. Under the 1915 version of the Act, a claimant had to file a claim petition within one year of the accident, unless payments of compensation had been made. If compensation payments were made, the statute of limitations was tolled until one year after the last payment of benefits.

4. This Court's standard of review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether constitutional rights were violated, or whether an error of law was committed. *Morey v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.)*, 684 A.2d 673 (Pa.Cmwlth.1996).

that to permit employers to benefit from their voluntary payment of medical benefits and lull claimants into a false sense of security would allow employers an unfair advantage, especially as the Pennsylvania Supreme Court has recently held that the failure of a claimant to make a claim for medical expenses within the three-year statute of limitations bars the claim, because medical expenses *are* included within the term "compensation" under the Act. *Berwick*, 537 Pa. at 335, 643 A.2d at 1070 (1994).

We have previously held that Section 315 is a statute of repose, which, unlike a statute of limitation that extinguishes the availability of a claimant's remedy, extinguishes the claimant's right to benefits entirely. *Sharon Steel Corp. v. Workmen's Compensation Appeal Board (Myers)*, 670 A.2d 1194 (Pa.Cmwlth.1996), *petition for allowance of appeal denied*, 544 Pa. 679, 678 A.2d 368 (1996). This Court addressed the issue of whether medical expenses constitute "compensation" under Section 315 in *Berwick v. Workmen's Compensation Appeal Board (Spaid)*, 146 Pa.Cmwlth.288, 605 A.2d 463 (1992), *rev'd*, 537 Pa. 326, 643 A.2d 1066 (1994), and we held that the time bar in Section 315 did *not* apply to medical expenses, concluding that medical benefits were not "compensation" under Section 315 as a statute of repose. Subsequent to the grant of allocatur by the Supreme Court, we revisited the issue in *Bellefonte Area School District v. Workmen's Compensation Appeal Board (Morgan)*, 156 Pa.Cmwlth.304, 627 A.2d 250 (1993), *aff'd per curiam*, 538 Pa. 618, 645 A.2d 1321 (1994), and this Court specifically overruled our previous decision in *Berwick*. In *Bellefonte*, we held that medical benefits

*were* "compensation" as that term is used in Section 315 of the Act.[5]

The dissent in *Bellefonte* highlighted the fact that, while the majority opinion established that medical benefits were "compensation" under Section 315 regarding the three-year limitation for filing a claim, established case law, principally the Supreme Court's *Paolis* decision, held that medical benefits were not "compensation" under Section 315 for purposes of tolling the statutory limitation. *Bellefonte*, 627 A.2d at 256 (Doyle, J. dissenting). *See, e.g., Artman v. Workmen's Compensation Appeal Board (St. Paul's Home for the Aging)*, 107 Pa.Cmwlth. 341, 528 A.2d 684 (1987), *petition for allowance of appeal denied*, 517 Pa. 619, 538 A.2d 501 (1988); *Workmen's Compensation Appeal Board v. Niemann*, 24 Pa.Cmwlth. 377, 356 A.2d 370 (1976); and *Paolis*. Moreover, the dissent noted that the decision reached in *Bellefonte* forced "two different definitions of the same term in the same section of the Act." *Bellefonte*, 627 A.2d at 256.

Justice Cappy's opinion in *Berwick Industries* acknowledged the dissent, noted the aberration, and stated:

> We recognize that this Court in a 1919 decision held that medical expenses are *not* included in the term "compensation" for purposes of the tolling provision of section 315 .... Thus, as Judge Doyle noted in his dissent in *Bellefonte*, the decision reached herein would seem to have "the curious result of ... forc[ing] two different definitions of the same term in the same section of the Act." **Such a result would indeed be undesirable.** However, while the rule established in *Paolis* (that payments of medical expenses do not toll the running of the statute of limitations) has been followed in more contemporary cases of

---

5. Respondents place great emphasis on our decision in *Bellefonte*. Nevertheless, Respondents have misapplied this decision by arguing that both medical and wage loss claims are extinguished under Section 315 unless the parties have agreed upon the compensation payable or one of the parties has filed a claim

petition. While this may be a correct statement of the law, it does not consider the remaining prong of Section 315, which indicates that a claim is not time barred if filed within three years of the most recent payment.

the Superior and Commonwealth Courts, **we find that the reasoning of *Paolis* does not retain its original persuasiveness.**

*Id.* at 333, 643 A.2d at 1069 (emphasis added). Justice Cappy went on to note that the Supreme Court had expressly limited *Paolis* to "the particular facts of that case" in *Staller v. Staller*, 343 Pa. 86, 87, 21 A.2d 16, 17 (1941), and that *Paolis* was further undermined by the fact that the precise wording of the statute, so crucial to the holding in *Paolis*, had not been retained in subsequent amendments to the Act.

■ Moreover, in a later footnote to the *Berwick* opinion, Justice Cappy sealed the fate of *Paolis*, and its progeny, by going on to state:

> While our interpretation of the statute of repose may seem strict in the sense that it places a limit on the time in which an employee must pursue a claim for medical expenses, we must point out that the flip side of our interpretation, which was reached in *Paolis*, resulted in a rule that is perhaps more harsh. Under the *Paolis* rule, an employer's payment of medical expenses does not toll the running of the limitations period, as would its payment of other "compensation." *See* 77 P.S. § 602. The rule therefore would allow an employee to be lulled into a false sense of security while receiving payments of medical expenses, without providing the employee with the "window" of the tolling provision, thus taking away his claim for other compensation if not filed within three years after the injury. On the other hand, we do recognize that the *Paolis* rule has been praised as being "a sound rule with beneficial results." *Dennis v. E.J. Lavino & Co.*, 203 Pa.Super. 357, 201 A.2d 276, 279 (1964). The *Dennis* court believed that *Paolis* encouraged employers to voluntarily pay employees' medical expenses because they would not be penalized by the tolling of the limitations period for doing so. While such consid-

erations are not insignificant, **they cannot overcome the plain reading of the statute, which requires the opposite result.**

*Berwick,* 537 Pa. at 334, 643 A.2d at 1070 (emphasis added). Therefore, the Board erred in concluding that the rule in *Paolis* was still viable and controlling. It is now clear, after *Berwick,* that for the purposes of filing a claim petition, the payment of medical expenses for a work-related injury tolls the running of the statute of limitations until three years following the most recent voluntary payment of medical benefits. The Supreme Court in *Berwick* overruled *Paolis.* It would be absolutely imprudent for this Court to hold that the Act requires a petition to be filed within three years of the date of injury to perfect the right to secure payments for medical treatment, and then, on the other hand, conclude that the payment of those medical bills within three years of the injury would not be "compensation" and would *not* toll the running of the statute. As the Supreme Court noted in *Berwick, the section establishing the employer's liability should be interpreted consistent with the section extinguishing the employer's liability.*

The result we reach today is consistent with, and bolstered by, our recent decision in *Golley v. Workers' Compensation Appeal Board (AAA Mid–Atlantic, Inc.),* 747 A.2d 1253 (Pa.Cmwlth.2000). In *Golley,* the claimant sustained work-related injuries in an automobile accident while on his employer's business. For nearly four years the employer paid Golley's accident-related medical expenses, subsequently issuing a denial. We concluded that Golley's claim was not time barred, and noted that the Supreme Court in *Berwick* "recognized the logical corollary arising from its holding, *i.e.,* that an employer's payment of medical expenses for a work-related injury will toll the running of the limitations period as would *its* payment of other compensation." *Id.* at 1256.

Under the foregoing rationale, we hold that the Board erred and that Claimant's claim petition is not untimely filed under Section 315 of the Act. Therefore, the order of the Board in this matter is reversed and the case is remanded for further proceedings consistent with this opinion.

### ORDER

NOW, October 19, 2000, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby REVERSED and this case is REMANDED for further proceedings consistent with this opinion.

Jurisdiction relinquished.